559 So.2d 114 (1990)
STATE of Louisiana
v.
Eugene DAVIS.
No. 89-K-2496.
Supreme Court of Louisiana.
April 6, 1990.
PER CURIAM.
Granted. There is a presumption of regularity in judicial proceedings. R.S. 15:432; C.E. Torcia, Wharton's Criminal Procedure, § 641 (12th Ed., 1976). In the absence of any articulable basis for concluding that the trial court may have failed to comply with its duty imposed by La.C.Cr.P. art. 804 to instruct the jurors on the defendant's presumption of innocence and the state's burden of proof beyond a reasonable doubt, the unavailable portions of the charge should not bar harmless error analysis in this case. The trial court's instruction on circumstantial evidence may have been ambiguous and potentially misleading at one point, but it did not preclude the jury from considering whether the defendant's hypothesis of innocence was a reasonable one and whether a reasonable doubt existed as to his guilt. This case is therefore remanded to the Fourth Circuit Court of Appeal for determination of whether the jury reasonably rejected the defendant's hypothesis of innocence and whether any alternate hypothesis of innocence is sufficiently reasonable that no rational factfinder, if properly instructed on the principles of circumstantial evidence, could have found proof of guilt beyond a reasonable doubt. Pope v. Illinois, 481 U.S. 497, 107 S.Ct. 1918, 95 L.Ed.2d 439 (1987); State v. Captville, 448 So.2d 676 (La.1984). If the court of appeal determines that the error was harmless beyond a reasonable doubt, the court should treat defendant's remaining assignments of error.