665 So.2d 1164 (1996)
STATE of Louisiana
v.
Nobie HARRIS.
STATE ex rel. Arthur TURNER
v.
John P. WHITLEY, Warden.
Nos. 93-KH-1098, 94-KH-2243.
Supreme Court of Louisiana.
January 5, 1996.
PER CURIAM.
This post-conviction application to correct an illegally lenient sentence is granted, and the case is remanded to the district court with the following instructions.
The presumption of regularity in judicial proceedings, see La.Rev.Stat. 15:432; State v. Davis, 559 So.2d 114 (La.1990), C.E. Torcia, Wharton's Criminal Procedure, § 641 (12th ed.1976), applies to all phases of trial, including sentencing. In the absence of an articulable basis for concluding that the district court imposed sentence under a misapprehension of what the law required or of its full range of sentencing discretion, we will presume that the failure of the court expressly to impose the special restrictions required by law (e.g., parole disability) presents the need only for ministerial correction of the record. Cf. La.Code Crim.Proc. art. 916(2) (allowing the correction of any error or deficiency in the record even while a case is pending on appeal).
A district court judge presented with an application to correct an illegally lenient sentence may therefore correct a sentence that he or she has imposed by making the necessary changes in the minutes, without bringing the inmate to court, and sending a certified copy of the new minutes to the inmate and to the relevant prison authorities, who otherwise lack the discretion to make the amendments themselves in the documents they receive from the sentencing court pursuant to La.Code Crim.Proc. art. 892. State ex rel. Pierre v. Maggio, 445 So.2d 425 (La.1984); State ex rel. Almore v. Criminal District Court, Parish of Orleans, 433 So.2d 712 (La.1983). The judge may also make the same ministerial corrections to a sentence imposed by a predecessor unless he or she entertains a reasonable doubt as to the intent of the original sentencing judge and the validity of the sentence imposed by the original sentencing judge. In all cases, a district judge retains the discretion to vacate the sentence originally imposed and to resentence the inmate in open court.
*1165 To the extent that the opinions issued on the same day in State v. Desdunes, 579 So.2d 452 (La.1991), State ex rel. Jackson v. Smith, 578 So.2d 1150 (La.1991), and State v. Washington, 578 So.2d 1150 (La.1991), and our subsequent decision in State v. Husband, 593 So.2d 1257 (La.1992), conflict with the views expressed herein, they are overruled.
CALOGERO, C.J., concurs in part and dissents in part, and assigns reasons.
CALOGERO, Chief Justice, concurring in part; dissenting in part.
I agree with the majority's conclusion allowing a sentencing judge to make ministerial changes to correct an illegally lenient sentence that he or she has imposed.
However, I dissent from a portion of the order because I do not agree that a new or different judge should be allowed to make these ministerial changes when the original judge is either deceased or unavailable. In my opinion, the second judge can not know the intent, and can hardly conclude that he or she "entertains [no] reasonable doubt" as to the intent, of the original sentencing judge at the time the original judge sentenced the defendant.