I2DALEY, Judge.
Defendant, Troy Taylor, appeals the sentence he received following a Motion to Correct an Illegally Lenient Sentence. As error, he argues that the resentencing judge failed to consider the intent of the original sentencing judge. He also argues that his new sentence, because it is harsher than the original sentence, should be reversed because the resentencing judge did not articulate reasons for the harsher sentence. We find no merit to defendant’s appeal, and hence affirm his sentence.
The defendant was charged by bill of information filed on November 8,1989 with armed robbery in violation of LSA-R.S. 14:64. On May 14, 1990, the defendant entered into a plea agreement with the State and pled guilty to the reduced charge of first degree robbery in violation of LSA-R.S. 14:64.1. The trial court then sentenced the defendant to 18 years with the Department of Corrections.[1]
laOn March 21, 1994, the defendant filed a pro se Motion to Correct an Illegally Lenient Sentence in which he urged that his sentence was illegally lenient because it was imposed with eligibility for parole. On April 13, 1994, the trial court conducted a hearing on the motion, and after finding the sentence to be illegally lenient, the court resentenced the defendant to 18 years with the Department of Corrections “without benefit of parole, probation or suspension of imposition or execution of sentence.” Additionally, the trial court ordered that the defendant be given credit for time served.
Following his resentencing, the defendant filed a pro se Motion to Reconsider Plea Bargain Agreement in which he urged the court to reconsider the sentence. The trial court conducted a hearing on the Motion to Reconsider on October 12, 1994 and November 16, 1994 and denied the motion on June 14,1995.
Subsequently, on September 25, 1995, the defendant filed an Application for Supervisory Writs challenging his resentencing and this court granted the Writ ordering that the defendant’s application be remanded for consideration by the trial court as a Motion For Out of Time Appeal. State v. Taylor, 95-799 (La.App. 5 Cir. 11/15/95). On January 4, 1996, the defendant filed a Motion For Out of Time Appeal and the trial court granted the appeal on March 22,1996.
The defendant contends that the judge failed to consider the intent of the original sentencing judge, as required by State v. Desdunes, 579 So.2d 452 (La.1991), overruled in part, State v. Harris, 93-1098 (La. 1/5/96), 665 So.2d 1164, when she resentenced him to serve the same 18-year sentence, but without parole eligibility.
The defendant was originally sentenced to 18 years at hard labor; however, when imposing the sentence, the judge failed to mention the defendant’s ineligibility |4for parole, probation or suspension of sentence as required by the penalty provision of first degree robbery.[2] In order to correct such an illegally lenient sentence, the sentencing judge’s successor[3] resentenced the defendant to the same term of imprisonment, but without benefit of parole, probation or suspension of sentence.
The guidelines for correction of an illegally lenient sentence were set forth in State v. Desdunes, 579 So.2d at 452:
Since correction of an ‘illegally lenient’ sentence will usually result in a harsher sentence than that originally imposed as *802 regards parole eligibility, upon correction of such a sentence the record should reflect consideration by the resentencing judge of the intent of the judge who imposed the original sentence, whether it be the same judge or another judge. If the intent of the judge who imposed the original sentence was that the term of years be served without benefit of parole, resentenc-ing to the same term of years without benefit of parole is appropriate. If the intent of the judge who imposed the original sentence was to allow parole eligibility, then the resentencing judge may impose a sentence of a lesser term of years without benefit of parole to reflect that intent. If the intent of the judge who imposed the original sentence cannot be determined, then the resentencing judge should make an independent determination of an appropriate sentence, not to exceed the term of years ordinarily imposed, to be served without benefit of parole. (Emphasis added)
In State v. Husband, 593 So.2d 1257,1258, (La.1992), rehearing denied, 594 So.2d 1305 (La.1992), overruled in part,' State v. Harris, 93-1098 (La. 1/5/96), 665 So.2d 1164, the Louisiana Supreme Court explained the Des-dunes opinion as follows:
Thus, the Desdunes decision required the resentencing judge to attempt to ascertain the intent of the judge who imposed the original sentence, and both the prosecutor and the defendant should be allowed an opportunity to present evidence and argument regarding the intent of the original sentencing judge, including circumstantial evidence of sentences imposed during that time frame by the sentencing judge in Iscases involving similar crimes committed by defendants with similar criminal histories. However, it is inappropriate to call the original sentencing judge as a witness to be questioned about his intent in imposing a particular sentence sixteen years earlier.
At the hearing on the motion to correct the illegally lenient sentence, the judge interpreted the intent of the judge who imposed the original sentence, and found that he intended the sentence be served without benefit of parole, probation or suspension of sentence. In doing so, the trial court reviewed the transcript of the hearing of the original plea and sentencing which revealed the following:
The defendant tendered a plea of guilty through appointed counsel. Prior to accepting his plea, the original judge conducted a colloquy with the defendant during which he read the entire first degree robbery penalty provision and stated to the defendant, ‘Tour counsel and the District Attorney have conducted plea bargaining relative to your case and have agreed upon a sentence of eighteen (18) years with the Department of Corrections.” Following the Boykin colloquy, the judge accepted the defendant’s guilty plea and imposed a sentence of “eighteen (18) years with the Department of Corrections.”
In resentencing the defendant, the trial court stated:
We find that the sentence at that time was illegal because of the, was not correct because it did not go on further. Because as you stated in your motion for reconsideration, first degree robbery sentence goes further. It says whoever commits the crime of first degree robbery shall be imprisoned at hard labor for not less than three (3) years and no more than forty (40) years without benefit of parole, probation or suspension of imposition or execution of sentence. Therefore, you have asked that this Court, what, reconsider sentence because in the event that it was the intent of the sentencing judge at that time not to, if the intent of the judge who imposed the original sentence was to allow parole eligibility, then the resentencing judge may impose a sentence of lesser terms of years without benefit of parole to reflect that intent. Your point is well taken, Mr. Taylor. However, after speaking with the District Attorney’s Office, since I was not the original sentencing judge and from the record, it is clear that the intent of the Court at that time was to sentence you to a term of eighteen (18) years in accordance with the Legislature’s intent which should have been without benefit of parole, proba *803 tion or suspension of imposition or execution of sentence.
Furthermore, at the hearing on the motion to reconsider sentence, the defendant testified that his attorney, Kathleen Becnel, advised him that the 18-year sentence 16wouId be served with parole eligibility and thus he would be eligible for parole after serving one-third of the sentence. However, Ms. Becnel contradicted the defendant’s testimony by testifying that she advised the defendant that the plea agreement provided that the sentence would be served without benefit of parole. Additionally, when asked if she talked to the judge prior to tendering the guilty plea, Ms. Becnel testified as follows:
Yes, I believe we had a side conference. Usually the procedure during that time was that the judge, that the assistant district attorney handling the case, would ask the judge to approach the bench to inform the judge that a plea agreement had been reached. And it was at that time that the assistant district attorney would then inform the judge what the agreement was in the presence of the defense attorney which I believed happened with Judge Caire.
In denying the Motion to Reconsider Sentence, Judge Jasmine affirmed her finding regarding the original sentencing judge’s intent to deny parole eligibility, stating the following:
First of all, let the record reflect that this matter was previously before the Court on the following dates. First of all, on the Thirteenth of April of 1994 the matter was before the Court on defendant’s motion to correct an illegal sentence. At which time the request was granted and the defendant was properly sentenced under the applicable statute. Thereafter the defendant filed a motion for the Court to reconsider plea bargaining and therefore reconsidered [sic] the sentence that was imposed.... He again presented himself before the Court on the Twelfth of October of 1994 at which time the Court heard testimony from the defendant himself asking for a reconsideration of sentence and plea bargaining. And basically his argument was that it was not the Judge’s, it was not his understanding as the terms of the sentencing. And that it was the Judge’s intention to impose a more lenient sentence. The matter was left open to obtain the testimony of the attorney who represented the defendant at the time of the hearing who was Kathleen Becnel. That was done on the Sixteenth day [of November] of 1994, her testimony was contrary to that of the defendant. Basically she indicted [sic] that she instructed the defendant as to the terms of the plea agreement that was reached between herself and the State and that he accepted them_ This court has carefully considered the defendant’s motion to reconsider sentence. Because first of all, it must be noted that this particular Judge was not the sitting judge who initially sentenced the defendant back in 1990. However, when the Court resentenced the defendant in 1994, the Court sentenced the defendant to the same length |7of sentence as was originally imposed, which was a period of eighteen (18) years without benefit of probation, parole, or suspension of sentence. In contemplating defendant’s motion, and in speaking to his attorney and the State, this Court must at this time deny defendant’s motion to reconsider sentence because this Court finds that there is nothing in the sentence or in the record, the entire record of this case to suggest that anything, other than what was imposed as far as the length of time, was the intention of the Court.
The above demonstrates that the judge adhered to the standard set forth by Des-dunes, supra, in resentencing the defendant to the same term of imprisonment, but without benefit of parole, probation or suspension of sentence.
Since the resentencing of the defendant and the denial of his Motion to Reconsider Sentence, the Louisiana Supreme Court in State v. Harris, 93-1098 (La. 1/5/96), 665 So.2d 1164, overruled in part State v. Desdunes, supra, and State v. Husband, supra. In Hards, the Court stated the following after noting that the presumption of regularity in judicial proceedings applies to all phases of trial, including sentencing:
*804 ... In the absence of an articulable basis for concluding that the district court imposed sentence under a misapprehension of what the law required or of its full range of sentencing discretion, we will presume that the failure of the court expressly to impose the special restrictions required by law (e.g., parole disability) presents the need only for ministerial correction of the record. Cf. La.Code Crim.Proe. art. 916(2) (allowing the correction of any error or deficiency in the record even while a case is pending on appeal).
A district court judge presented with an application to correct an illegally lenient sentence may therefore correct a sentence that he or she has imposed by making the necessary changes in the minutes, without bringing the inmate to court, and sending a certified copy of the new minutes to the inmate and to the relevant prison authorities, who otherwise lack the discretion to make the amendments themselves in the documents they receive from the sentencing court pursuant to La.Code Crim.Proe. art. 892. State ex rel. Pierre v. Maggio, 445 So.2d 425 (La.1984); State ex rel. Al-more v. Criminal District Court, Parish of Orleans, 433 So.2d 712 (La.1983). The judge may also make the same ministerial corrections to a sentence imposed by a predecessor unless he or she entertains a reasonable doubt as to the intent of the original sentencing judge and the validity of the sentence imposed by the original sentencing judge. In all cases, a district judge retains the Igdiscretion to vacate the sentence originally imposed and to resen-tence the inmate in open court. (Emphasis added)
State v. Harris, 665 So.2d at 1164.
In resentencing the defendant, Judge Jasmine found that Judge Caire intended the sentence be served without parole eligibility and thus apparently she did not entertain a reasonable doubt regarding his intent. Additionally, her inquiry included testimony from defendant’s counsel, who directly contradicted defendant’s claims regarding the sentence. Therefore, she complied with Harris in resentencing the defendant to the same term of imprisonment, but without benefit of parole, probation or suspension of sentence.
The defendant further contends that Judge Jasmine in resentencing the defendant imposed a harsher sentence and in doing so she failed to recite for the record her reasons for imposing such a sentence. In support of this contention, the defendant cites North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072,23 L.Ed.2d 656 (1969).
The United States Supreme Court, in North Carolina v. Pearce, supra, held that due process of law prohibits vindictiveness or retaliation against a defendant who has successfully attacked his first conviction, since the fear of such vindictiveness or retaliation by way of imposition of a harsher sentence would deter a defendant from exercising his right to appeal or collaterally attack his first conviction.
However, the correction of a sentence to reflect the requirement of law that the penalty run without benefit of parole, probation or suspension of sentence does not give rise to a presumption of vindictiveness under North Carolina v. Pearce, supra. State ex rel. Bienemy v. Whitley, 605 So.2d 1112 (La.1992), reconsideration denied, 608 So.2d 153 (La.1992). Moreover, the record shows that Judge Jasmine had no motivation other than to impose the sentence that the original sentencing judge |9intended. As such, she did not err in failing to articulate reasons for imposing a harsher sentence.
A review of record reveals that there are no errors patent. Accordingly, we affirm the defendant’s resentencing.
AFFIRMED.

. In accordance with the terms of the plea agreement, the state nolle prossed two other pending charges against the defendant.

. The penalty provision of first degree robbery, LSA-R.S. 14:64.1(B), provides as follows:
Whoever commits the crime of first degree robbery shall be imprisoned at hard labor for not less than three years and for not more than forty years, without benefit of parole, probation or suspension of imposition or execution of sentence.

.The original sentencing judge’s term of office ended, and defendant's resentencing judge was handled by the newly elected judge.