JiDOUCET, Chief-Judge.
The defendant, Mikell Trudell, appeals a sentence imposed in connection with his conviction for armed robbery.
On August 11, 1976, Trudell was convicted of armed robbery, a violation of La.R.S. 14:64. On December 21,1976, the defendant was sentenced to sixty-five years at hard labor. The defendant’s conviction and sentence were affirmed on appeal. See State v. Trudell, 350 So.2d 658 (La.1977). On September 9, 1993, the defendant filed a motion to correct an illegal sentence in the trial court. On October 14, 1994, a hearing was held on the defendant’s motion. The defendant was present in court but was not represented by counsel. After the hearing, the trial court ordered the defendant to serve the same term, but without benefit of probation, parole, or suspension of sentence. On October 27, 1994, the defendant filed a motion to reconsider sentence in the trial court. That motion was denied without written reasons on January 10, 1995. |2On October 24, 1994, the defendant filed an application for post-conviction relief in this court. On January 4, 1995, this court ruled that the defendant’s application was premature, because the defendant still had the right to appeal his sentence. See State v. Trudell, 94-1393 (La.App. 3 Cir. 1/4/95). On January 20,1995, the defendant filed a motion for appeal in the trial court, which was granted as a request for an out-of-time appeal on February 17, 1995.
On April 21,1995, the appellate record was lodged with this court. Because the appeal was filed pro se, this court remanded the appeal to the trial court for a “dangers and disadvantages” hearing. See State v. Trudell 95-527 (La.App. 3 Cir. 4/27/95). The court also ordered that the appeal be re-lodged with this court after the hearing. The trial court apparently misinterpreted this court’s order. The trial court instead held a resentencing hearing on October 31, 1995. The defendant was represented by appointed counsel at the hearing, and received the same sentence that was given at the October 14, 1994 resentencing. On March 20, 1996, the defendant filed a motion for appeal in the trial court. The defendant was granted another out-of-time appeal on March 26, 1996. The defendant filed his brief in this court. He alleges five assignments of error.
1994 RESENTENCING
The defendant contends that the trial court erred during the 1994 resentencing because the trial court did not determine the intent of the original sentencing judge, did not grant a hearing on the defendant’s motion for reconsideration, and did not appoint counsel to represent the defendant.
The trial court held a hearing on October 31,1995, at which the defendant was represented by counsel. At that hearing, the court stated its reasons for imposing the sentence without benefit of probation, parole, or suspension of sentence. The court allowed the defendant to present mitigating factors prior to sentencing and also previewed a newly-prepared presentence investigation report. The new presentence investigation was ordered by the trial court for the purpose of establishing the defendant’s release date, as mandated by recently-revised La.Code Crim.P. art. 894.1(D). The court noted the improvement of the defendant while in prison, but also commented on the violent nature of the crime and shooting of the robbery victim. The resentencing judge observed that he believed the omission of the mandatory restrictions was a mere “technicality” during the original proceeding. Therefore, we find that the court did determine the intent of the, original sentencing judge as required by State v. Desdunes, 579 So.2d 452 (La.1991). The court imposed the same number of years originally ordered, without benefit of probation, parole, or suspension of sentence. The errors alleged by the defendant with regard to the 1994 sentencing were, therefore, rendered moot by *34 the 1995 resentencing, and present nothing for this court to review.
1995 SENTENCING RESENTENCING
The defendant contends that the trial court erred in failing to consider the sentencing guidelines in resentencing him.
When correcting an illegal sentence, the trial court should vacate the defendant’s sentence and consider the sentencing guidelines prior to imposing sentence. State v. Husband, 593 So.2d 1257 (La.1992). The trial court in this case did not vacate the previous sentence and did not state that the guidelines were considered.
However, the supreme court has recently ruled on a similar case, in which the defendant claimed that his sentence was illegally lenient because it was imposed without the mandatory restrictions on probation, parole, or suspension of sentence. In State v. Harris, 93-1098 (La.1/5/96), 665 So.2d 1164, the court expressly overruled the requirement that the illegal sentence be vacated, and the defendant be brought into court for resentencing. The court stated that the trial court could simply make a |/ministerial correction” to the minutes of the defendant’s sentence and send a corrected copy of the minutes to the inmate and to the institution where the inmate is housed. The court also allowed the trial court the discretion to vacate the sentence and resentence the defendant in open court.
The supreme court, in State ex rel. Campbell v. State, 95-2065 (La.4/8/96), 671 So.2d 327, clearly evidenced its intention that the Harris procedures apply to all cases decided after Harris.
Campbell was originally remanded to the district court in 1994 for consideration of the merits of the defendant’s claim alleging an illegally lenient sentence. See State ex rel. Campbell v. Fourth Circuit Court of Appeal, 92-1950 (La.11/18/94), 646 So.2d 364. In the original remand order, the supreme court referred the trial court to the case of State ex rel. Johnson v. Day, 92-122 (La.5/13/94), 637 So.2d 1062. The Johnson case mandated that the trial court follow the procedures outlined in Desdunes, which include vacating the original sentence and considering the sentencing guidelines in effect at the time of resentencing. However, when the Campbell ease was presented to the supreme court again, in 1996, the court remanded for consideration of the Harris requirements and not the Desdunes requirements, which were the law at the time the defendant was resen-tenced.
Therefore, under Harris and Campbell, the trial court in the defendant’s case was not required to vacate the sentence imposed at the October 31,1995 resentencing, nor was it required to consider the sentencing guidelines, or to state its reasons for sentencing. The resentencing judge stated his belief that the omission of the mandatory restrictions was merely a technical defect and expressed no reservation concerning the intention of the original sentencing judge, thereby complying with the Harris requirement. Because the actions of the trial court at the 1995 proceeding complied with the Harris procedure for correcting the minutes without vacating the | sdefendant’s sentence, the omissions by the trial court under the previously prevailing Desdunes requirements were harmless. It would serve no purpose to vacate the 1995 sentence, since the trial court is now bound by the procedures presented in Harris, and could impose the same sentence as in 1995 without calling the defendant into court. The fact that the defendant was present during the 1995 correction has no bearing on the validity of the corrected sentence, because the defendant suffered no prejudice.
The defendant’s sentence is affirmed.
AFFIRMED.