| iBARRY, Judge.
The defendant was convicted of armed robbery, La. R.S. 14:64, and sentenced as a triple offender to sixty-six years at hard labor without benefit of probation, parole, or suspension of sentence. In his pro se brief the defendant claims that La.C.Cr.P. art. 648 is unconstitutional because it requires clear and convincing proof of mental incompetency, and the trial judge incorrectly applied that standard.
*378 As amended in 1990 (La.Acts, No. 755, § 1), La.C.Cr.P. art. 648A provides in pertinent part: “The criminal prosecution shall [not] be resumed unless the court determines by clear and convincing evidence that the defendant does not have the mental capacity to proceed.” In State v. Frank, 96-1136 (La.10/4/96), 679 So.2d 1365, 1366, the Louisiana Supreme Court declared:
|2The Supreme Court’s decision in Cooper v. Oklahoma, 517 U.S. 348, 116 S.Ct. 1373, 134 L.Ed.2d 498 (1996) makes clear that La.C.Cr.P. art. 648(A), as amended by 1990 La. Acts. No. 755, violates the Due Process Clause to the extent that it requires the defendant in a criminal prosecution to prove his incompetency to stand trial by clear and convincing evidence. Cooper [sic] has returned Louisiana to this Court’s jurisprudential rule that a criminal defendant need prove his incapacity to proceed only by a clear preponderance of the evidence, (citations omitted).
The defendant’s lunacy hearing was held September 27, 1994 when La.C.Cr.P. art. 648(A) required clear and convincing evidence to prove incompetency. The record does not show what standard the trial court applied. There is a presumption of regularity in judicial proceedings. State v. Harris, 93-1098 (La.1/5/96), 665 So.2d 1164; State v. Davis, 559 So.2d 114 (La.1990). We therefore presume that the clear and convincing standard in La.C.Cr.P. art. 648 was applied. However, the defendant may not have met the preponderance of the evidence standard. We therefore remand this case for a determination by the trial court as to whether the defendant proved by a preponderance of the evidence that he was not competent to proceed on September 27, 1994.
If the trial court determines that the defendant was competent to proceed on September 27, 1994 under the preponderance standard, the defendant’s right to appeal is reserved. The other assignments are preter-mitted.
This case is remanded for further proceedings.
REMANDED.
PLOTKIN, J., dissents in part; concurs in part.