I iPER CURIAM:*
Writ granted; court of appeal judgment reversed; sentence reinstated. The record in the instant case makes clear that the penalty originally imposed in 1975 was in no way affected by a misunderstanding of the limits required by law. The record therefore presented the successor judge with no “artic-ulable basis for concluding that the [original] district court imposed [the illegally lenient] sentence under a misapprehension of what the law required or of its full range of sentencing discretion,” and similarly presented no basis for finding “a reasonable doubt as to the intent of the original sentencing judge and the validity of the sentence ... imposed.” Accordingly, the resentencing court should have “presume[d] that the failure of the court expressly to impose the special restrictions required by law (e.g., parole disability) presented] the need only for ministerial correction of the record.” State v. *1173 Hams, 93-1098 (La.1/5/96), 665 So.2d 1164. Although the district court did hold a hearing and did formally resentenee the inmate, the successor judge read Harris correctly to the extent that he refrained from using that decision as a ^vehicle for substituting his own views as to the appropriate penalty or for correcting any perceived constitutional exeessiveness in a sentence infected only by a technical error resulting from a failure of the original judge to impose the disabilities attached to the penalty by operation of law as correctly understood by the court at the time. We therefore reverse the court of appeal judgment and reinstate the resen-tence of 150 years imprisonment at hard labor without benefit of parole, probation, or suspension of sentence.
JOHNSON, J., dissents.

 Lemmon, J., not on panel. See Rule IV, Part II, Section 3.