**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**
No. 98-30061
No. 98-30069

ALVIN PERKINS,

                            Petitioner-Appellant,

versus

BURL CAIN, Warden, Louisiana State
Penitentiary; RICHARD IEYOUB, Attorney
General, State of Louisiana,

                            Respondents-Appellees.

_____

Appeals from the United States District Court
for the Eastern District of Louisiana
(97-CV-1286-H & 97-CV-1316-H)

_____

November 11, 1998

Before EMILIO M. GARZA, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Alvin Perkins was convicted of armed robbery and sentenced as a multiple offender to a 99-year term of imprisonment without benefit of probation, parole, or suspension of sentence. Perkins initiated habeas corpus proceedings under 28 U.S.C. § 2254, in which he challenged his criminal sentence on the grounds that (1)

_____

[*] Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

the state court unconstitutionally imposed a harsher sentence because he exercised his right to a trial by jury, and (2) his sentence amounts to cruel and unusual punishment in violation of the Eighth Amendment. The district court dismissed his action, and Perkins appeals. We affirm.

Perkins argues that the resentencing judge violated the Due Process Clause of the Fourteenth Amendment when, after Perkins chose to stand trial, he imposed the maximum sentence available. The resentencing judge, in correcting Perkins's "illegally lenient" sentence, considered the intent of the original judge. *See State v. Desdunes*, 579 So. 2d 452, 452 (La. 1991)(per curiam)(stating that resentencing judge considers intent of original sentencing judge), *overruled in part*, *State v. Harris*, 665 So. 2d 1164 (La. 1996)(per curiam). The resentencing judge stated the original judge intended to be lenient on defendants who pled guilty because "it was a first step on the road to rehabilitation." Such an intent is illegal, Perkins alleges, because a defendant may not be punished by a more severe sentence simply because he unsuccessfully exercises his constitutional right to stand trial rather than plea guilty. *See United States v. Devine*, 934 F.2d 1325, 1338 (5th Cir. 1991). Thus, the resentencing judge's reference to the illegal intent violated Perkins's due process rights.

Although the resentencing judge referred to the original judge's intent, he also ordered a new pre-sentence report ("PSR"), reviewed the record, and set forth independent reasons for sentencing Perkins to the maximum sentence. Perkins's prior

-2-

criminal history and the use of a gun in the armed robbery justified the maximum sentence. The PSR and the court's reasons support Perkins's sentence, and thus we cannot find that Perkins received the maximum sentence because he exercised his right to stand trial. Consequently, there was no due process violation.

Perkins asserts additionally that, under *Solem v. Helm*, 463 U.S. 277, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983), his sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment. *See Solem*, 463 U.S. at 290-91, 103 S. Ct. at 3010 (considering gravity of offense and harshness of penalty, sentences of other criminals in same jurisdiction, and sentences for same crime in other jurisdictions). We have stated, however, that *Solem* did not survive *Harmelin v. Michigan*, 501 U.S. 957, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991). *See McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir. 1992)(interpreting *Harmelin* to support a continued disproportionality inquiry and to reject *Solem* factors). "Accordingly, we will initially make a threshold comparison of the gravity of [Perkins'] offenses against the severity of his sentence." *Id*.

The state court sentenced Perkins under a recidivist statute, because Perkins was convicted formerly of armed robbery. Upon release from the penitentiary, Perkins repeated the crime of armed robbery, which "certainly endangers life, limb, and property as much as any non-capital offense." *Id.* at 317. We have found previously that a life sentence without hope of parole is not grossly disproportionate to such an offense. *See id.* (upholding

life sentence without possibility of parole for multiple offender convicted of auto burglary).  We find that Perkins's life sentence is not "grossly disproportionate" to his offense.  Perkins's sentence to life imprisonment without parole is, therefore, not cruel and unusual punishment under the Eighth Amendment.

AFFIRMED.