PER CURIAM. *
Granted in part; denied in part. The judgment of the court of appeal is reversed only insofar as it amends the term of imprisonment imposed by the successor judge from 15 years at hard labor to 10 years at hard labor, the term imposed by the original sentencing judge. The term of 15 years at hard labor is reinstated as otherwise amended to delete the denial of parole eligibility. The district court is directed to make an entry in the minutes reflecting this.change. When it chose to vacate the sentence imposed by the original sentencing judge and to remand for resentencing, instead of simply deleting the illegal conditions placed on that sentence, as it could have, see, e.g., State v. Watts, 98-2594 (La.1/29/99), 736 So.2d 821; State ex rel. Meeks v. State, 98-1930 (La.1/29/99), 736 So.2d 820, the court of appeal authorized the successor judge to impose the first lawful penalty in the case. State v. Husband, 593 So.2d 1257, 1258 (La.1992). Without regard to the question of whether a successor judge must consider the intent of the original sentencing judge when correcting an illegally harsh penalty as well as an illegally lenient one, see State v. Harris, 93-1098 (La.1/5/96), 665 So.2d 1164, the successor judge in this case had the discretion to consider the intent of original sentencing judge and to resentence the defendant in a manner which effectuates as much of the original sentencing plan as the law allows. In all other respects, the application is denied.

 Lemmon, J., not on panel. See La. S.Ct. Rule IV, Part II, § 3.