# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 04-468

**STATE OF LOUISIANA**

**VERSUS**

**WARREN FUSELIER**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 7992-98
HONORABLE DAVID PAINTER, PRESIDING
\*\*\*\*\*\*\*\*\*\*

## SYLVIA R. COOKS
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Marc T. Amy and John B. Scofield,[*] Judges.

**AFFIRMED.**

**Rick Bryant, District Attorney**
**Paul Reggie, Assistant District Attorney**
**Calcasieu Parish District Attorney's Office**
**1020 Ryan Street**
**Lake Charles, LA 70601**
**(337) 437-3400**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**Edward K. Bauman**
**Louisiana Appellate Project**
**P.O. Box 1641**
**Lake Charles, LA 70601**
**(337) 491-0570**
**COUNSEL FOR DEFENDANT-APPELLANT:**
    **Warren Fuselier**

---

[*]John B. Scofield participated in this decision by appointment of the Louisiana Supreme Court as Judge *Pro Tempore.*

**COOKS, Judge.**

On December 19, 1997, the Defendant, Warren Fusilier, and several others were standing in front of a residence in Lake Charles, Louisiana. Upon arrival of the police, Defendant and several others fled the scene. Defendant was later caught by police, arrested, and taken to the police station. During a search of the Defendant, two rocks of crack cocaine were recovered. He subsequently admitted to a detective that he bought the drugs for $40.00 and he intended to sell them.

Defendant was charged with possession of cocaine with intent to distribute in violation of La.R.S. 40:967(A)(1). Defendant entered a plea of not guilty. On May 26, 1999, a jury found Defendant guilty as charged.

The State then filed a bill of information charging the Defendant as a habitual offender on September 2, 1999. On September 10, 1999, the State agreed to dismiss the habitual offender bill and any other pending charges if the Defendant agreed to accept its sentencing recommendation of thirty years. Defendant was then sentenced to thirty years in the custody of the Department of Corrections.

In *State v. Fuselier*, an unpublished opinion bearing docket number 99-1721 (La.App. 3 Cir. 5/3/00), *writ denied*, 00-1602 (La. 6/1/01), 793 So.2d 178, this court affirmed the Defendant's conviction and sentence.

On February 6, 2003, Defendant filed a *pro se* "Motion to Correct an Illegal/Indeterminate/Illegally Lenient Sentence," because his sentence did not provide that the first five years of the thirty-year sentence were to be served without benefit of probation, parole, or suspension of sentence. On May 7, 2003, Defendant filed a *pro se* "Motion for Reconsideration and/or Modification of Sentence" which was denied as untimely on the same day. On May 21, 2003, pursuant to Defendant's "Motion to Correct an Illegal/Indeterminate/Illegally Lenient Sentence," the court amended the Defendant's sentence to reflect that the first five years of the thirty-year

sentence be served without benefit of probation, parole, or suspension of sentence. A second *pro se* "Motion and Order to Reconsider Sentence" was filed on June 10, 2003, and the motion was denied as untimely on August 13, 2003. A *pro se* "Motion and Order for Appeal" was filed on September 12, 2003, and was granted. In his appeal, Defendant contends the "Trial Court erred in denying Defendant's Motion for Reconsideration and/or Modification of Sentence. In the alternative, the Trial Court erred in failing to inform Defendant that the first five years would be served without benefit of probation, parole or suspension of sentence."

## ANALYSIS

In his *pro se* "Motion and Order for Appeal," Defendant sought review of the judgment rendered on August 13, 2003 denying his "Motion and Order to Reconsider Sentence." In brief to this court, appellate counsel states Defendant filed a *pro se* "Motion for Reconsideration and/or Modification of Sentence" on May 7, 2003 which was denied and further asserts "Warren Fuselier now appeals the denial of his Motion for Reconsideration and/or Modification of Sentence before this Honorable Court." Appellate counsel does not mention the trial court's denial of the "Motion and Order to Reconsider Sentence" on August 13, 2003.

The State, in brief, sets forth several procedural objections. The State contends the trial court properly denied the Defendant's "Motion for Reconsideration of Sentence and/or Modification of Sentence" on May 7, 2003 as untimely since the Defendant was sentenced on September 10, 1999 and a motion to reconsider must be filed within thirty days of sentencing. Accordingly, the denial of the Defendant's motion should afford him no basis for appeal. Further, the State contends the Defendant never filed a motion to appeal the judgment rendered on May 7, 2003; thus, the denial of that motion would not properly be before this court.

In *State v. Kanjanabout*, 00-1486 (La.App. 3 Cir. 5/2/01), 783 So.2d 648, *writ denied*, 01-1741 (La. 5/3/02), 815 So.2d 95, appellate counsel and defendant argued, in briefs to the court, that a sentence imposed in 1995 was excessive. In his motion to reconsider sentence and two motions for appeal, the defendant opposed only the trial court's ministerial correction of his sentence on January 26, 2000 and made no mention of his 1995 sentence. This court reviewed the correctness of its appellate jurisdiction and noted there was authority to review on appeal the intent of the original sentencing judge with regard to parole restrictions. Finding such, this court went on to address the ministerial correction made on January 26, 2000. The opinion did not indicate whether or not there were any objections made by the State.

In the interests of justice in this case, we will consider Defendant's appeal. In his *pro se* brief, Defendant contends the trial judge, upon resentencing, failed to make an independent determination as to the intent of the original sentencing judge. Defendant specifically argues if correction of an illegally lenient sentence results in a harsher sentence than that originally imposed, the record should reflect consideration by the resentencing judge of the intent of the judge who originally imposed sentence. Defendant next asserts if the intent of the original sentencing judge was to allow parole eligibility, then the resentencing judge may impose a sentence of a lesser term of years without benefit of parole to reflect the intent of the original sentencing judge. Defendant continues that if the intent of the original sentencing judge cannot be determined, the resentencing judge should make an independent determination of an appropriate sentence not to exceed the term of years originally imposed, to be served without benefit of parole. In support of these arguments, the Defendant cites *State ex rel. Jackson v. Smith*, 578 So.2d 1150 (La.1991), *overruled by State v. Harris*, 93-1098 (La. 1/5/96), 665 So.2d 1164; *State*

*v. Washington*, 578 So.2d 1150 (La.1991), *overruled by State v. Harris*, 93-1098 (La. 1/5/96), 665 So.2d 1164; *State v. Desdunes*, 579 So.2d 452 (La.1991), *overruled by State v. Harris*, 93-1098 (La. 1/5/96), 665 So.2d 1164; and *State v. Bonier*, 583 So.2d 501 (La.App. 3 Cir. 1991).

In *Desdunes*, 579 So.2d 452, the supreme court discussed correction of an illegally lenient sentence as follows:

> Upon motion of the state or the defendant, the sentencing court should correct an illegally lenient sentence by imposing a legal sentence of a term of years to be served without benefit or parole, probation, or suspension of sentence in accordance with the mandatory provisions of the criminal statute. LSA-R.S. 14:64; LSA-C.Cr.P. Art. 882; *State v. Fraser*, 484 So.2d 122 (La.1986).

> Since correction of an "illegally lenient" sentence will usually result in a harsher sentence than that originally imposed as regards parole eligibility, upon correction of such a sentence the record should reflect consideration by the resentencing judge of the intent of the judge who imposed the original sentence, whether it be the same judge or another judge. If the intent of the judge who imposed the original sentence was that the term of years be served without benefit of parole, resentencing to the same term of years without benefit of parole is appropriate. If the intent of the judge who imposed the original sentence was to allow parole eligibility, then the resentencing judge may impose a sentence of a lesser term of years without benefit of parole to reflect that intent. If the intent of the judge who imposed the original sentence cannot be determined, then the resentencing judge should make an independent determination of an appropriate sentence, not to exceed the term of years originally imposed, to be served without benefit of parole.

*Id*.

In *State v. Harris*, 93-1098 (La. 1/5/96), 665 So.2d 1164, the supreme court revisited the issue making the following findings:

> The presumption of regularity in judicial proceedings, *see* La.Rev.Stat. 15:432; *State v. Davis*, 559 So.2d 114 (La.1990), C.E. Torcia, *Wharton's Criminal Procedure*, § 641 (12th ed.1976), applies to all phases of trial, including sentencing. In the absence of an articulable basis for concluding that the district court imposed sentence under a misapprehension of what the law required or of its full range of sentencing discretion, we will presume that the failure of the court expressly to impose the special restrictions required by law (e.g., parole disability) presents the need only for ministerial correction of the record.

*Cf.* La.Code Crim.Proc. art. 916(2) (allowing the correction of any error or deficiency in the record even while a case is pending on appeal).

A district court judge presented with an application to correct an illegally lenient sentence may therefore correct a sentence that he or she has imposed by making the necessary changes in the minutes, without bringing the inmate to court, and sending a certified copy of the new minutes to the inmate and to the relevant prison authorities, who otherwise lack the discretion to make the amendments themselves in the documents they receive from the sentencing court pursuant to La.Code Crim.Proc. art. 892. *State ex rel. Pierre v. Maggio*, 445 So.2d 425 (La.1984); *State ex rel. Almore v. Criminal District Court, Parish of Orleans*, 433 So.2d 712 (La.1983). The judge may also make the same ministerial corrections to a sentence imposed by a predecessor unless he or she entertains a reasonable doubt as to the intent of the original sentencing judge and the validity of the sentence imposed by the original sentencing judge. In all cases, a district judge retains the discretion to vacate the sentence originally imposed and to resentence the inmate in open court.

To the extent that the opinions issued on the same day in *State v. Desdunes*, 579 So.2d 452 (La.1991), *State ex rel. Jackson v. Smith*, 578 So.2d 1150 (La.1991), and *State v. Washington*, 578 So.2d 1150 (La.1991), and our subsequent decision in *State v. Husband*, 593 So.2d 1257 (La.1992), conflict with the views expressed herein, they are overruled.

*Id*. at 1164-65.

In 1999, the legislature enacted La.R.S. 15:301.1. The statute became effective on August 15, 1999 and provided, in pertinent part, as follows:

A. When a criminal statute requires that all or a portion of a sentence imposed for a violation of that statute be served without benefit of probation, parole, or suspension of sentence, each sentence which is imposed under the provisions of that statute shall be deemed to contain the provisions relating to the service of that sentence without benefit of probation, parole, or suspension of sentence. The failure of a sentencing court to specifically state that all or a portion of the sentence is to be served without benefit of probation, parole, or suspension of sentence shall not in any way affect the statutory requirement that all or a portion of the sentence be served without benefit of probation, parole, or suspension of sentence.

In *State v. Williams*, 00-1725 (La. 11/28/01), 800 So.2d 790, the supreme court discussed La.R.S. 15:301.1 as follows:

Paragraph A of LA.REV.STAT. ANN. § 15:301.1 addresses those

instances where sentences contain statutory restrictions on parole, probation or suspension of sentence. . . . In instances where these restrictions are not recited at sentencing, LA.REV.STAT. ANN. § 15:301.1(A) deems that those required statutory restrictions are contained in the sentence, whether or not imposed by the sentencing court. Additionally, this paragraph self-activates the correction and eliminates the need to remand for a ministerial correction of an illegally lenient sentence which may result from the failure of the sentencing court to impose punishment in conformity with that provided in the statute.

*Id*. at 798-99.

The court went on to state "that which was legislatively mandated at the time of sentencing is recognized as having existed statutorily without pronouncement being necessary." *Id*. at 801. The court then concluded that "when a court complies with a nondiscretionary sentencing requirement, i.e., a mandatory minimum term or special parole provision(s), no due process violation is implicated because neither actual retaliation nor vindictiveness exists." *Id*. at 798. The court also concluded a "defendant in a criminal case does not have a constitutional or statutory right to an illegal sentence." *Id*. at 797. Additionally, the supreme court held "the retroactive application of LA.REV.STAT. ANN. § 15:301.1 to sentences imposed prior to August 15, 1999, does not constitute a violation of the prohibition against *ex post facto* laws." *Id*. at 795.

Based on the above case law, the trial court was not required to make any determination as to the intent of the original sentencing judge. Pursuant to *Williams*, the trial court need not even make a ministerial correction to the Defendant's sentence. The provisions of La.R.S. 15:301.1 were self-activating and the Defendant's sentence was deemed to contain the parole restrictions at issue without necessitating correction by the trial court.

We also note, the supreme court in *State v. Guzman*, 99-1753, 99-1528 (La. 5/16/00), 769 So.2d 1158, concluded that the proper standard of review for a trial

court's failure to advise a defendant of the minimum and maximum penalties before accepting a guilty plea was the harmless error standard, noting that La.Code Crim.P. art. 921 provides that a judgment cannot be reversed "because of any error, defect, irregularity, or variance which does not affect substantial rights of the accused."

Defendant did not enter a guilty plea in this matter, but was found guilty by a jury. He has a criminal history, having been convicted of a felony on two prior occasions, had several pending charges dismissed, and a habitual offender bill had been filed. At sentencing, the trial court specifically called to Defendant's attention the life-imprisonment provisions of La.R.S. 15:529.1 for multiple offenders. Therefore, we find it highly unlikely the knowledge that a portion of his sentence would be served without benefits would have affected Defendant's decision to enter into the sentencing recommendation of thirty years. *See State v. Sullivan*, 03-0360 (La.App. 3 Cir. 10/2/02), 827 So.2d 1265, *writs denied* 02-2965 (La. 9/5/03), 852 So.2d 1024; 02-2931 (La. 4/21/03), 841 So.2d 790. Accordingly, Defendant's assignment is without merit.

**DECREE**

For the foregoing reasons, Defendant's sentence is affirmed.

**AFFIRMED.**