STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

10-24

STATE OF LOUISIANA

VERSUS

RUSSELL LIPPMAN

****************

APPEAL FROM THE
SEVENTH JUDICIAL DISTRICT COURT
PARISH OF CATAHOULA, NO. 01-0891
HONORABLE BENJAMIN C. BENNETT, JR., JUDGE *PRO TEMPORE*

****************

JAMES T. GENOVESE
JUDGE

****************

Court composed of Oswald A. Decuir, Marc T. Amy, and James T. Genovese, Judges.

**AFFIRMED.**

**Bradley R. Burget**
**District Attorney – Seventh Judicial District**
**Post Office Box 600**
**301 Bushley Street, Room # 203**
**Harrisonburg, LA 71340**
**(318) 744-5232**
**COUNSEL FOR APPELLANT:**
    **State of Louisiana**

**George L. Higgins, III**
**Higgins Law Office**
**Post Office Box 3370**
**2002 Hartsfield Avenue**
**Pineville, LA 71360**
**(318) 473-4250**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Russell Lippman**

**GENOVESE, Judge.**

## PROCEDURAL HISTORY

Defendant was convicted of manslaughter on July 19, 2003. He was initially sentenced to twenty-five years at hard labor. However, on August 17, 2005, at a hearing on a Motion to Reconsider his sentence, the trial court reduced Defendant's sentence to twenty-five years at hard labor, with all but seventeen years suspended. The Honorable Ronald L. Lewellyan was the *pro tempore* judge at the time. In *State v. Lippman*, an unpublished opinion bearing docket number 06-17 (La.App. 3 Cir. 6/14/06), *writ denied,* 06-1787 (La. 2/2/07), 948 So.2d 1076, this court affirmed Defendant's conviction, but vacated his sentence because the trial court failed to impose probation as required by La.Code Crim.P. art. 893, and the case was remanded for resentencing.

After several delays, another *pro tempore* judge, the Honorable Benjamin C. Bennett, Jr., resentenced the Defendant to twenty years at hard labor, ten years suspended, and five years supervised probation upon release.

The State now appeals Defendant's sentence, asserting that the trial court erred "when it failed to give effect to the obvious intention of the original sentencing [j]udge."

For the following reasons, we find that the successor judge did not abuse his discretion when he sentenced Defendant.

## FACTS

Defendant was convicted of manslaughter. Defendant shot his girlfriend, Kristy Mills, but claimed it was an accidental shooting. She died later in the hospital as a result of the shooting.

## ASSIGNMENT OF ERROR

The State argues that the successor judge erred when he did not attempt to ascertain the intention of the original sentencing judge when the successor judge sentenced Defendant to a different sentence. The State argues that the intent of the original sentencing judge was that Defendant serve a sentence of twenty-five years at hard labor, with eight years suspended.

However, the original sentencing judge did not impose probation as required by La.Code Crim.P. art. 893(A), which mandates that a period of probation be ordered whenever a sentence is suspended. Furthermore, La.Code Crim.P. art. 893(A) provides that "[t]he period of probation shall be specified and shall not be less than one year nor more than five years. The suspended sentence shall be regarded as a sentence for the purpose of granting or denying a new trial or appeal." Hence, the sentence imposed by the original sentencing judge was an illegally lenient sentence.

Regarding the correction of an illegally lenient sentence, the Louisiana Supreme Court in *State v. Harris,* 93-1098, pp. 1-2 (La. 1/5/96), 665 So.2d 1164, 1164, stated:

> The presumption of regularity in judicial proceedings, *see* La.Rev.Stat. 15:432; *State v. Davis,* 559 So.2d 114 (La.1990), C.E. Torcia, *Wharton's Criminal Procedure*, § 641 (12th ed.1976), applies to all phases of trial, including sentencing. In the absence of an articulable basis for concluding that the district court imposed sentence under a misapprehension of what the law required or of its full range of sentencing discretion, we will presume that the failure of the court expressly to impose the special restrictions required by law (e.g., parole disability) presents the need only for ministerial correction of the record. *Cf.* La.Code Crim.Proc. art. 916(2) (allowing the correction of any error or deficiency in the record even while a case is pending on appeal).
>
> A district court judge presented with an application to correct an illegally lenient sentence may therefore correct a sentence that he or she has imposed by making the necessary changes in the minutes, without bringing the inmate to court, and sending a certified copy of the new

minutes to the inmate and to the relevant prison authorities, who otherwise lack the discretion to make the amendments themselves in the documents they receive from the sentencing court pursuant to La.Code Crim.Proc. art. 892; *State ex rel. Pierre v. Maggio*, 445 So.2d 425 (La.1984); *State ex rel. Almore v. Criminal District Court, Parish of Orleans*, 433 So.2d 712 (La.1983). The judge may also make the same ministerial corrections to a sentence imposed by a predecessor unless he or she entertains a reasonable doubt as to the intent of the original sentencing judge and the validity of the sentence imposed by the original sentencing judge. In all cases, a district judge retains the discretion to vacate the sentence originally imposed and to resentence the inmate in open court.

In the current case, however, the original sentencing error was not subject to ministerial correction since, as noted above, the original sentencing judge had discretion as to how much probationary time to impose, i.e., no less than a year, no more than five years. It is arguable that the original sentencing judge intended to impose a probationary period because of the requirement that in a suspended sentence probation must be imposed. The original sentencing judge apparently decided, under the facts of the case, that the original sentence of twenty-five years at hard labor was excessive; and, therefore, he granted Defendant's motion for reconsideration of the sentence and reduced the sentence by suspending a portion of the time Defendant was required to spend in prison. The query is whether the original sentencing judge failed to impose probation because of a misapprehension of what the law required, or because he was not aware of his full range of sentencing discretion, or whether he simply meant to reduce Defendant's sentence to seventeen years imprisonment, with nothing more upon release. This is the issue the State argues that the successor judge failed to consider.

In December 2008, Defendant filed a Motion to Set Motion to Reconsider Sentence for Hearing. In July 2009, Defendant filed a Motion and Order to Set Post Trial Motions for Hearing. In June 2009, Defendant filed a Motion to Quash,

3

asserting his entitlement to be released from incarceration because it had been more than three years since this court ordered his sentence vacated with the matter remanded for resentencing. He alleged that he was being prejudiced by the delay. On June 17, 2009, a hearing was held on Defendant's Motion to Reconsider sentence and Motion to Quash. The successor judge advised the State and Defendant that he was new to the case and required more information on the issues. The successor judge stated he wanted to review the pre-sentence investigation report and asked the attorneys to brief him on mitigating and aggravating circumstances applicable to sentencing. The judge noted:

> Now, the third thing, I am certainly not sure that I can impose a different sentence. I may be stuck with or required to impose the same sentence but merely add a probationary period to the existing sentence. Since the (inaudible) to reconsider sentence (inaudible)[.] If the later case prevails where it's my job to impose the same sentence with probation, I will consider the motion to reconsider also at that time. If you can give me authority to where I will simply have to start a fresh [sic] and sentence him, I'll do that[,] too.

On October 6, 2009, the resentencing hearing was held. At the beginning of the hearing, the successor judge, the State, and Defendant discussed the sentencing options. The successor judge stated:

> That reconsidered sentence certainly would have vacated [sic]. One of the sentence[s] of 25 years has been vacated and not - - this is problematic the way I read the record. So that whatever this court does today will have to be considered either as a denial of the motion to reconsider sentence or if it is changed in any way, to that extent, it would be a new sentence and insofar as the motion to reconsider is concerned, it would be, that motion would be granted. This is the only way I can treat it, you know.

The successor judge then heard testimony. Defendant's father, Donald Lippman, testified that since Defendant has been incarcerated, his mother and his former wife died. Defendant's fourteen-year-old daughter now lived with him. He

4

stated Defendant has admitted that he was involved in drugs at the time of the shooting and was very remorseful. He stated Defendant has been strongly influenced by his incarceration, and he believed that upon release from prison, Defendant would assume his responsibilities and be a law-abiding citizen.

Boatner Kyle Smith, chief security officer with the Catahoula Correctional Center, testified that Defendant was a model prisoner. Defendant was one of only twelve among over eight hundred prisoners who were "Class-A trusties[,]" which meant, among other duties, that he was permitted to go outside the prison to mow the lawn, pick up trash, etc., without supervision. Mr. Smith also described an incident wherein an inmate had attacked two female guards with a fire extinguisher, and Defendant and two other trusties protected the guards until the inmate could be subdued.

The victim's sister, Kimberly Boyette, testified regarding the effect the victim's death had on her, the victim's children, and the other members of the victim's family. She stated that her sister had three children, Jacob, six at the time of the shooting, Macy, three at the time of the shooting, and Brennon, less than a year old at the time of the shooting. The oldest two children were children by a former relationship, and the youngest was Defendant's son. Brennon lived with Defendant's sister since his mother's death. She stated that the two oldest children had been very traumatized. Finally, the victim's mother, Sara Laing, spoke of the loss of her daughter and its effect on the family. When asked whether she had an opinion of what sentence Defendant should receive, she answered, "We've had to accept what was given to him. I guess we'll have to accept what will happen today."

The successor judge then sentenced Defendant to twenty years at hard labor,

5

with ten years suspended, and five years supervised probation. He stated that he believed a lot had transpired since Defendant began incarceration. The successor judge further stated that "[i]nsofar as this sentence deviates from the sentence originally imposed, it must be taken as a granting of a motion to reconsider sentence."

In *State v. Rockhold,* 99-2445 (La. 2/11/00), 752 So.2d 158, the original sentencing judge sentenced the defendant to ten years imprisonment without the benefit of parole eligibility. The successor judge resentenced the defendant to fifteen years and deleted the portion of the sentence precluding parol eligibility. The appellate court vacated the successor judge's sentence. The supreme court reinstated the successor judge's sentence and stated:

> When it chose to vacate the sentence imposed by the original sentencing judge and to remand for resentencing, instead of simply deleting the illegal conditions placed on that sentence, as it could have, *see, e.g., State v. Watts*, 98-2594 (La.1/29/99), 736 So.2d 821; *State ex rel. Meeks v. State*, 98-1930 (La.1/29/99), 736 So.2d 820, the court of appeal authorized the successor judge to impose the first lawful penalty in the case. *State v. Husband,* 593 So.2d 1257, 1258 (La.1992). Without regard to the question of whether a successor judge *must* consider the intent of the original sentencing judge when correcting an illegally harsh penalty as well as an illegally lenient one, *see State v. Harris*, 93-1098 (La.1/5/96), 665 So.2d 1164, the successor judge in this case had the discretion to consider the intent of original sentencing judge and to resentence the defendant in a manner which effectuates as much of the original sentencing plan as the law allows.

*Id.*

While, in the current case, the corrected sentence was not ministerial, we find that the record clearly shows that the successor judge took the original sentencing judge's intention into consideration when he imposed Defendant's sentence. The successor judge indicated he reviewed the record, he reviewed the original pre-sentence investigation report, and he asked for witnesses to testify. He also considered subsequent events, such as the fact that during the nine years of

6

imprisonment, Defendant was a model prisoner. A successor judge may consider subsequent factors. *See State v. Kujawa*, 05-470 (La.App. 1 Cir. 2/22/06), 929 So.2d 99, *writ denied,* 06-669 (La. 10/6/06), 938 So.2d 65.

Furthermore, the successor judge fashioned a sentence which, we find, effectuates as much of the original sentencing as the law allowed, considering there was no way to ascertain how much probationary time the original sentencing judge would have imposed. The successor judge imposed the maximum probationary period, five years. The original sentence allowed Defendant to be released from prison, without probation or parole, at seventeen years. Under the current sentence, although allowing release from prison earlier than the original sentence, Defendant will be on active probation upon release for five years, with parole for an additional five years after probation, for a total of twenty years under the scrutiny of the Louisiana Department of Corrections. In part, Defendant's current sentence is lengthier and harsher than the original sentence. We find no merit to the State's assignment of error.

## DISPOSITION

Defendant's sentence is affirmed.

**AFFIRMED.**