PER CURIAM.
| granted. The trial court’s order vacating respondent’s sentence and assigning the case for resentencing is reversed and respondent’s original term of imprisonment is reinstated subject to amendment in accord with the law. Correction of respondent’s sentence on his motion to impose the mandatory fíne of $5,000 required by La.R.S. 14:98(E)(l)(a), presents the need only for ministerial correction of the record which the court may accomplish without the necessity of vacating the original sentence and resentencing the defendant altogether. State v. Harris, 93-1098, p. 1 (La.1/5/96), 665 So.2d 1164 (“In the absence of an articulable basis for concluding that the district court imposed sentence under a misapprehension of what the law required or of its full range of sentencing discretion, we will presume that the failure of the court expressly to impose the special restrictions required by law {e.g., parole disability) presents the need only for ministerial correction of the record.”) (overruling State v. Husband, 593 |2So.2d 1257 (La.1992); State v. Desdunes, 579 So.2d 452 (La.1991)). The present record reflects the trial court’s acknowledgement that it “just forgot” about the fíne when it imposed sentence. Accordingly, the district court is directed to make the necessary changes in the minutes to reflect that respondent’s sentence also includes the mandatory fine of $5000, subject to any additional term of imprisonment authorized by La.C.Cr.P. art. 884 for non-payment of the fíne, and to send the new minutes to the relevant prison authorities.