684 So.2d 38 (1996)
STATE of Louisiana, Appellee,
v.
David Wayne ILES, Jr., Defendant-Appellant.
No. CR96-256.
Court of Appeal of Louisiana, Third Circuit.
November 6, 1996.
*39 Sheryl Lynn Laing, Alexandria, Charles F. Wagner, Dist. Atty., for State.
John Michael Lawrence, for David Wayne Iles Jr.
Before DOUCET, C.J., and SAUNDERS and AMY, JJ.
AMY, Judge.
This appeal arises from the conviction of defendant, David Wayne Iles, Jr., for D.W.I., fourth offense, a violation of La.R.S. 14:98. The defendant was sentenced to ten years at hard labor, two years of which must be served without benefit of probation or parole, and the remaining eight years suspended, and supervised probation for five years after he serves his jail time. Defendant appeals. For the following reasons we affirm defendant's sentence and remand with instructions. Additionally, defendant's appellate counsel's Motion to Withdraw is denied.

DISCUSSION OF THE RECORD
On March 13, 1994, Trooper Anthony Pitts, while transporting a D.W.I. suspect to police headquarters in Alexandria, observed a vehicle stopped at a red light proceed through the intersection before the light turned green. Trooper Pitts further observed the defendant's vehicle cross over the solid line on the left shoulder and drift out of the lane of traffic. Defendant's vehicle then "darted" from the left lane to the right lane. At this point, Trooper Pitts stopped the defendant. Because he was already transporting a suspect, the trooper radioed for backup assistance.
Once stopped, the defendant got out of his car, and Trooper Pitts noticed how the defendant staggered to the back of his car, that the defendant had red eyes, and appeared dazed and incoherent. At this time, Trooper Steven Netherlin arrived on the scene and took over the investigation. Trooper Netherlin observed the defendant stagger to the back of the car and appear unsteady on his feet. Trooper Netherlin described the defendant as having bloodshot eyes, slurred speech, and a strong smell of alcohol on his breath.
Trooper Netherlin administered four separate field sobriety tests which the defendant failed. The sobriety tests administered included: (1) finger to nose test; (2) horizontal gaze nystagmus test;[1] (3) alphabet test; and (4) walk and turn test. The defendant, claiming he had hurt his leg, refused to do the one leg stand. Trooper Netherlin testified that the defendant's performance during the field sobriety tests was consistent with a person who was intoxicated. The defendant was arrested for driving while intoxicated, running a red light, improper lane usage, and driving under suspension. While at the scene, the defendant made two inculpatory statements basically admitting he had been drinking. The defendant was taken to the state police headquarters where he was read his rights concerning the Intoxilyzer test. At headquarters, the defendant refused to *40 take the Intoxilyzer test and also refused to perform a second protocol of field sobriety tests on video.
Lieutenant Terry Ward was the shift supervisor on the night of the defendant's arrest and he operated the video camera that recorded the events at the headquarters. He observed that the defendant appeared to be intoxicated. Lieutenant Ward testified that he "operated the video camera and maintained a constant observation during the testing period."
Defendant was charged by bill of information with driving while intoxicated, fourth offense, in violation of La.R.S. 14:98. A jury trial was held April 18-19, 1995, in which the jury found the defendant guilty as charged by a vote of 11 to 1. The record shows that defendant was first convicted of D.W.I. on July 12, 1992, in the Ninth Judicial District Court. The defendant's next D.W.I. conviction was October 20, 1993, also in the Ninth Judicial District Court. The defendant's third D.W.I. conviction was in Alexandria City Court on February 24, 1994. A fingerprint expert identified the defendant's fingerprints in the present case as matching the fingerprints on record in the three previous D.W.I. convictions. On April 21, 1995, defendant filed a Motion for Post-Conviction Acquittal which the trial court subsequently denied. On December 13, 1995, defendant was sentenced to ten years at hard labor, two years which must be served without benefit of probation or parole, and the remaining eight years suspended and supervised probation for five years after he serves his jail time. This sentence is the minimum legal sentence permitted for a defendant previously given a suspended sentence for a misdemeanor D.W.I. and who is later convicted of D.W.I., fourth offense.
Defendant's trial counsel filed an appeal and assigned one assignment of error, namely that there was insufficient evidence to support a conviction for driving while intoxicated, fourth offense or any lessor included offense. But, the trial court allowed defendant's trial counsel to withdraw and defendant was then appointed appellate counsel. However, defendant's appellate counsel, after reading the trial transcript and being of the opinion that there are no non-frivolous issues to be raised on appeal, requests that a Motion to Withdraw be granted. Defendant was provided a copy of counsel's brief on April 22, 1996, and was given until May 22, 1996 to file a supplemental pro se brief. However, defendant has failed to file a supplemental brief with this court.

ERROR PATENT
La.Code Crim.P. art. 920 provides the scope of review on appeal, as follows:
The following matters and no others shall be considered on appeal:
(1) An error designated in the assignment of errors; and
(2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence.
In accordance with this article, all appeals are reviewed for errors patent on the face of the record.
After a review of the record, we find one error patent. This error patent involves the trial court's failure to set a monthly supervision fee as a condition of supervised probation. La.Code Crim.P. art. 895.1 provides in pertinent part:
C. When the court places the defendant on supervised probation, it shall order as a condition of probation a monthly fee of not less than twenty nor more than one hundred dollars payable to the Department of Public Safety and Corrections or such other probation office, agency, or officer as designated by the court, to defray the cost of supervision.
A trial court's failure to set a monthly supervision fee has been determined to be a reviewable error patent. See State v. Linson, 94-0061 (La.App. 1 Cir. 4/7/95); 654 So.2d 440, writ denied, 95-1120 (La.9/22/95); 660 So.2d 470.
The defendant's sentence does not necessarily have to be vacated if the trial court decides to set the minimum monthly supervision fee. See State v. Harris, 93-1098 (La.1/5/96); 665 So.2d 1164. In Harris, the Louisiana Supreme Court remanded the case and gave the trial court the option of *41 amending the court minutes to reflect the change in sentence without bringing the inmate to court. The court stated that the district judge retains the discretion to vacate the sentence originally imposed and to resentence the inmate in open court. Harris allowed ministerial corrections of the record in instances where the trial court failed to impose special restrictions required by law. However, the trial court has some discretion in setting the probation supervision fee, as it can impose a fee between twenty and one hundred dollars per month. Therefore, if the trial court opts to assess the minimum fee required by law, it can correct the sentence in accordance with the procedures set forth in Harris. However, if the trial court wishes to set a higher fee, the trial court should vacate defendant's sentence and resentence him in open court. Therefore, although we affirm the defendant's conviction, we must remand the case to the trial court with instructions to set a monthly probation supervision fee to be paid in accordance with article 895.1(C).

MOTION TO WITHDRAW
Defendant's appellate counsel requests that a Motion to Withdraw be granted stating that "[a]fter reading the trial transcript, [he] is of the opinion that there are no non-frivolous issues to be raised by this appeal and that the evidence was sufficient to sustain a conviction for Driving While Intoxicated, 4th Offense." In his brief, counsel has stated that he has complied with the procedures outlined in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), as interpreted by State v. Benjamin, 573 So.2d 528 (La.App. 4 Cir.1990). A copy of counsel's brief was forwarded to the defendant on April 22, 1996, and the defendant was given until May 22, 1996 to file a supplemental pro se brief. The defendant failed to file a supplemental brief with this court.
As instructed by Benjamin, we have performed an independent and thorough review of all the pleadings filed in the district court, all minute entries of the district court proceedings, the bill of information and the pertinent transcripts contained in the appellate record. The defendant was properly charged by bill of information with driving while intoxicated, fourth offense, in violation of La.R.S. 14:98. The bill of information was signed by the assistant district attorney. The defendant was present with counsel at each stage of the proceedings from arraignment through trial.
On January 24, 1995, the defendant was formally arraigned on the charge and at that time the defendant pleaded not guilty. On February 14, 1995, defense counsel and the assistant district attorney entered into a joint stipulation filed in the record granting the defendant open file discovery in satisfaction of a motion for discovery, bill of particulars and preliminary examination. On the day of jury selection, defendant was provided with notice pursuant to La.Code Crim.P. art. 768 that statements made by the defendant to the arresting state trooper would be used at trial.
Jury selection was conducted on April 18, 1995, and the court minutes reflect that seven peremptory challenges were exercised by the prosecution, eight peremptory challenges were exercised by the defendant, and ten jurors were excused for cause. Trial of this matter began in the morning of April 19, 1995 and concluded on the same day. The defendant gave an opening statement and only a handful of witnesses testified. According to the court minutes, the jury retired at 2:15 p.m. and returned with their verdict at 3:29 p.m., one hour and fourteen minutes later. The transcript of the trial reveals that the jury was polled and eleven out of twelve jurors voted to convict the defendant of D.W.I., fourth offense. The verdict is responsive to the charge and is proper in all respects.
A presentence investigation report was ordered. At the defendant's sentencing on December 14, 1995, the trial judge sentenced the defendant to serve the minimum sentence allowed by law for the defendant's crime, considering the defendant's prior record. The sentence imposed upon the defendant is legal in every respect.
After the verdict, defendant's trial counsel filed a motion for post verdict judgment of acquittal which was denied by the trial judge without a hearing. The defendant argued *42 that since the jury's verdict was not unanimous, there was insufficient evidence to support his conviction. This argument was also the basis for the one assignment of error filed by trial counsel. However, it is well settled that a crime, such as fourth offense D.W.I., requires a vote of ten out of twelve jurors, and a nonunanimous verdict is valid. La.Code Crim.P. art. 782(A). Therefore, we conclude that defendant's trial counsel's argument was without merit.
The jury heard the testimony of the two state troopers who observed the defendant at the time he was stopped on the roadside. The jury also heard the testimony of the shift lieutenant who saw the defendant at the state police headquarters. Finally, the state introduced evidence of the defendant's three prior D.W.I. convictions. In order to convict an accused of driving while intoxicated, the prosecution need only prove that defendant was operating a vehicle and that defendant was under the influence of alcohol or drugs. State v. Edwards, 591 So.2d 748 (La.App. 1 Cir.1991). Some behavioral manifestations, independent of any scientific test, are sufficient to support a charge of driving while intoxicated. Id.; State v. Pitre, 532 So.2d 424 (La.App. 1 Cir.1988), writ denied, 538 So.2d 590 (La.1989). It is not necessary that a conviction of D.W.I. be based upon a blood or breath alcohol test, and the observations of an arresting officer may be sufficient to establish the defendant's guilt. Intoxication is an observable condition about which a witness may testify. State v. Allen, 440 So.2d 1330 (La.1983).
We conclude that there are no non-frivolous issues to be raised on appeal; however, our error patent ruling requires the case be remanded to the trial court for setting of a supervision fee in accordance with La.Code Crim.P. art. 895.1. Therefore, since defendant may have to be resentenced and/or may wish to appeal the amount of the monthly supervision fee the trial court imposes, defendant's appellate counsel's Motion to Withdraw is denied.

DECREE
For the foregoing reasons, defendant's conviction is affirmed. However, we remand the case with instructions to the district court to: (1) amend the commitment and minute entry of the sentence and impose a probation supervision fee in the minimum amount required under La.Code Crim.P. art. 895.1; or (2) vacate the portion of defendant's sentence and resentence him in open court imposing a probation supervision fee within the amounts allowable under article 895.1. Finally, defendant's appellate counsel's Motion to Withdraw is denied.
AFFIRMED AND REMANDED WITH INSTRUCTIONS.
NOTES
[1] The purpose of the horizontal gaze nystagmus test is to observe involuntary jerking of the eyes, common when a person is intoxicated. A subject is asked to follow the movement of a fixed object held twelve to eighteen inches from the person's eyes.