714 So.2d 176 (1998)
STATE of Louisiana, Appellee,
v.
Carroll E. COURTNEY, Appellant.
Nos. 30629-KA, 30630-KA.
Court of Appeal of Louisiana, Second Circuit.
May 13, 1998.
*177 William B. King, Shreveport, for Appellant.
Richard Ieyoub, Attorney General, Paul Carmouche, District Attorney, Donald A. Hyatt, Assistant District Attorney, for Appellee.
Before MARVIN, C.J., and NORRIS and BROWN, JJ.
BROWN, Judge.
In these consolidated cases, defendant, Carroll E. Courtney, was charged by separate bills of information with DWI 4th offense in violation of La. R.S. 14:98(E). He was convicted of the first charge in a bench trial. Immediately after conviction, Courtney pled guilty to the second charge and waived all delays for sentencing on both charges. The court sentenced Courtney to serve concurrent sentences of 10 years imprisonment at hard labor, 2 years without benefit of parole, probation or suspension of sentence and the remaining 8 years suspended. The court also placed him on 5 years supervised probation. He now appeals. We affirm.

Facts
In August 1996, defendant was arrested twice for Driving While Intoxicated. At 10:15 p.m. on August 15, Officer Janice Dailey of the Shreveport Police Department (SPD) saw a gray 1980 El Camino traveling southbound on Hearne. She testified:
I noticed that the vehicle was weaving back and forth across the white dashed line and the solid white line, and at one point he almost hitthe vehicle almost hit another car that was in the lane beside him.
Officer Dailey followed the El Camino for 10 blocks and then used her emergency lights and siren to signal the driver to stop.
Officer Dailey got out of her patrol car and ordered the driver, Carroll Courtney, out of the El Camino. She noticed that defendant was unsteady on his feet and his gait was uncertain as he was getting out of his truck and walking back to her vehicle. He also leaned on his truck for balance and she smelled an odor of alcohol on his breath and person.
Officer Dailey then had defendant perform two field sobriety tests. According to the officer, defendant recited the alphabet to the letter "P" and then "he just stopped and looked at me;" defendant's speech was slightly slurred and he was swaying from side to side. A horizontal gaze and nystagmus test indicated that defendant was under the influence of alcohol. Defendant's eyes were red and bloodshot. Based on her observations, Officer Dailey concluded that the defendant was "highly intoxicated" and she arrested him and brought him to Selective Enforcement.
After the defendant was read, and indicated that he understood his Miranda rights, he underwent further field sobriety testing which was videotaped. The defendant was again unable to correctly recite the alphabet (and swayed from side to side as he attempted to do so) and had some difficulty understanding and completing the finger-to-nose test. During this testing, defendant stated that he had drunk two beers; however, he refused to take an Intoxilyzer test.
*178 Defendant testified at the trial. He admitted to drinking one beer while driving about 45 minutes before he was stopped and to starting a second beer just before he was pulled over. He denied that he was weaving as he drove. Although a high-school graduate, defendant testified that he had difficulty reciting the alphabet because he had learned it as a song with rhythm and he was not a rhythmic person. He claimed his stumbling was due to fatigue from working long hours doing heavy labor and from wearing an old, scratched-up pair of prescription glasses. He refused to take the breath test because he felt that his brother, who was an SPD officer and with whom he was having family troubles, "had something to do with the stop."
On rebuttal, Officer Dailey testified:
Once I informed Mr. Courtney that he was under arrest, he said, "Don't you know that Roger Courtney is my brother? Y'all have always let me go before. Can't you just let me go? Did you know he's a Shreveport Police Officer?"
Based on the officer's testimony and a viewing of the videotape, the trial court found defendant guilty of DWI, 4th offense. Defendant stipulated that he had three prior convictions for DWI.
The second DWI 4th, that occurred within two weeks of the first and to which defendant pled guilty, happened under similar circumstances. On August 29, Officer Dailey again stopped defendant for weaving down Hearne Ave. The defendant again failed field sobriety tests and refused to take a breath test.

Discussion
Defendant urges in his first assignment of error that the trial court was presented with insufficient evidence by the state from which to base a guilty verdict. We find no merit to this assignment.
Although defendant did not file a motion for post-verdict judgment of acquittal pursuant to La.C.Cr.P. art. 821, this court still considers sufficiency arguments. State v. Green, 28,994 (La.App.2d Cir. 02/26/97), 691 So.2d 1273.
La. R.S. 14:98 provides, in pertinent part:
A. (1) The crime of operating a vehicle while intoxicated is the operating of any motor vehicle, aircraft, watercraft, vessel, or other means of conveyance when:
(a) The operator is under the influence of alcoholic beverages; or
(b) The operator's blood alcohol concentration is 0.10 percent or more by weight, or is 0.04 percent or more by weight if the operator is under the age of eighteen years, based on grams of alcohol per one hundred cubic centimeters of blood....
In this case, the defendant refused to take a breath test which would measure his blood alcohol level, so the state then relied upon subsection (a).
Under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the proper standard of appellate review for a sufficiency of evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Bellamy, 599 So.2d 326 (La. App. 2d Cir.1992), writ denied, 605 So.2d 1089 (La.1992).
The Jackson standard is applicable in cases involving both direct and circumstantial evidence. An appellate court reviewing the sufficiency of evidence in such cases must resolve any conflict by viewing that evidence in the light most favorable to the prosecution. When the evidence is thus viewed, the facts established by the direct evidence or inferred from the circumstances must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that defendant was guilty of every essential element of the crime. State v. Sutton, 436 So.2d 471 (La.1983); State v. Lott, 535 So.2d 963 (La.App. 2d Cir.1988).
In order to convict an accused of driving while intoxicated, the prosecution need only prove that defendant was operating a vehicle and that defendant was under the influence of alcohol or drugs. State v. Iles, 96-256 (La.App. 3rd Cir. 11/06/96), 684 So.2d 38, 42; State v. Edwards, 591 So.2d 748 (La.App. 1st Cir.1991), writ denied, 94-0452 (La.06/21/96), 675 So.2d 1072. Some *179 behavioral manifestations, independent of any scientific test, are sufficient to support a charge of driving while intoxicated. Iles, supra; Edwards, supra; State v. Pitre, 532 So.2d 424 (La.App. 1st Cir.1988), writ denied, 538 So.2d 590 (La.1989). It is not necessary that a conviction of D.W.I. be based upon a blood or breath alcohol test, and the observations of an arresting officer may be sufficient to establish defendant's guilt. Intoxication is an observable condition about which a witness may testify. State v. Allen, 440 So.2d 1330 (La.1983).
Officer Dailey testified that defendant was weaving in and out of his lane for 10 blocks before she stopped him. When he got out of his car, defendant walked unsteadily, had an uncertain gait and had to lean against his vehicle for balance. Officer Dailey also observed that defendant's eyes were bloodshot, that his speech was slurred and that he was swaying from side to side. She testified that defendant failed the horizontal gaze and nystagmus test and that defendant was unable to proceed past "P" in the alphabet. The videotape of subsequent tests confirmed these observations. See State v. Garris, 603 So.2d 277 (La.App. 2d Cir.1992), writ denied, 607 So.2d 564 (La.1992); State v. Nix, 535 So.2d 866 (La.App. 2d Cir.1988).
The trial court obviously rejected defendant's hypotheses attempting to attach an innocent explanation to his behavior. Officer Dailey's observations and the videotape evidence are incompatible with defendant's theory that he had consumed only one beer and merely appeared to be impaired because he was very tired. The trial court's decision to credit the officer's testimony and not the defendant's was within the court's discretion. Viewing the evidence in the light most favorable to the state, the prosecutor proved every element of DWI, 4th offense.
Defendant urges as his second assignment of error that the trial court improperly denied his Motion to Reconsider Sentence. It is also noted that the trial court told defendant that because his sentences were agreed-upon that they could not be appealed; however, the record shows that the only agreement when he pled guilty was that the sentences would be concurrent. Considering that defendant had previously participated in substance abuse programs, his sentences are the mandatory minimum under La. R.S. 14:98(E)(2). After being arrested for DWI 4th offense on August 15, defendant was again arrested for another DWI 4th offense 14 days later. He was tried and convicted of the August 15 offense and pled guilty to the August 29 offense. He was given concurrent minimum sentences. Under these circumstances, these mandatory minimum sentences are not excessive.
Finally, in our error patent review, we find that the trial judge stated to defendant that he had "three years to pursue any post-conviction relief remedies...." This prescriptive period begins to run from the date that the convictions and sentences become final. La.C.Cr.P. art. 930.8. The district court is directed to so inform defendant by written notice within ten days of this judgment becoming final, and to file proof of receipt of that notice into the record.

Conclusion
For the reasons given above, Carroll Courtney's convictions and sentences are
AFFIRMED.