742 So.2d 636 (1999)
STATE of Louisiana, Appellee,
v.
David HOLLEY, Appellant.
No. 32,156-KA.
Court of Appeal of Louisiana, Second Circuit.
August 18, 1999.
*637 Louisiana Appellate Project by Amy C. Ellender, Mer Rouge, Counsel for Appellant.
Richard Ieyoub, Attorney General, Paul J. Carmouche, District Attorney, Catherine M. Estopinal, Assistant District Attorney, Counsel for Appellee.
*638 Before NORRIS, WILLIAMS and STEWART, JJ.
STEWART, J.
The defendant, David Holley, was convicted of Driving While Intoxicated-Fourth Offense ("DWI-4th"), a violation of La. R.S. 14:98, and sentenced to eighteen years at hard labor with credit for time served and one year without benefit of probation, parole, or suspension of sentence. On appeal, Holley argues that there is insufficient evidence to support his conviction and, as an alternative, that his sentence is excessive. We affirm.

FACTS
On May 12, 1994, at approximately 7:00 p.m., Holley was involved in an automobile accident with Roosevelt Brown ("Brown") at the intersection of Mansfield Road and Valley View Road in Shreveport, Louisiana. As Brown approached the intersection while traveling northbound on Mansfield Road, he noticed a southbound van enter the left turn lane. The van, which was driven by Holley, proceeded to turn left through the intersection approximately twenty feet in front of Brown's vehicle. The two vehicles collided, and Brown was knocked unconscious.
Officer G.P. Jackson ("Officer Jackson") of the Shreveport Police Department came upon the accident shortly after it occurred and observed Holley exit the van. According to Officer Jackson, Holley appeared very unsteady on his feet. Officer Jackson then began to question Holley about the accident. Officer Jackson testified that he smelled a strong odor of alcohol coming from Holley's breath. Also, Holley exhibited slurred speech, answered the questions in a slow and deliberate manner, and swayed back and forth during questioning. Based on his observations, Officer Jackson believed that Holley was intoxicated and called for assistance from the DWI unit to conduct field sobriety tests on Holley.
Officer John Davries ("Officer Davries"), a thirteen year veteran of the DWI unit, responded to the call. While questioning Holley about the accident, Officer Davries detected a "very, very strong odor of alcoholic beverage" on Holley's breath. Officer Davries also noticed that Holley exhibited slurred speech, spoke slowly and deliberately, appeared unsteady on his feet, and had extremely red, bloodshot eyes. The first sobriety test administered by Officer Davries was the "ABC" test. Holley was required to recite the ABC's while standing on a flat surface with feet together, hands at his sides, head tilted back, and eyes closed. According to Officer Davries, Holley failed to perform the test correctly. Holley had a two-foot gap between his feet and almost fell. He recited up to the letter "G" then mumbled and ended on "Z." Officer Jackson also observed Holley's performance of the "ABC" test and described it in the same way as Officer Davries.
Officer Davries then administered the horizontal gaze nystagmus ("HGN") test after determining that Holley suffered no injury which would impede his performance. Holley failed to correctly perform all three components of the HGN test, including the smooth pursuit test, the 45 degree angle test, and the maximum deviation test. Therefore, Holley received the maximum number of six points after completing these tests. Officer Davries testified that receiving the maximum number of points on the HGN test is a great indication of impairment.
Based on Holley's poor performance on the field sobriety tests, Officer Davries determined that he was intoxicated and transported him to the Shreveport Police Department Traffic Bureau for further processing. A video camera recorded Holley's actions while at the traffic bureau. The "ABC" test was again administered. During the course of the test, Holley skipped the letter "V" and inserted the letter "Z" in its place.
He again listed the letter "Z" at the end and then opened his eyes in order to stop *639 himself from falling. Holley refused to take the Intoxilyzer test and declined other field sobriety tests because of his bad back. However, Holley admitted to drinking two sixteen ounce beers prior to driving. Holley was charged with DWI 1st and eventually released on his own recognizance.
Holley was later charged with DWI-4th in a bill of information filed on April 7, 1997. An amended bill of information was also filed on February 18, 1998, just prior to the jury trial of this matter. During trial, Holley stipulated to the three prior offenses. He did not put on a defense. The jury rendered a guilty verdict on the charge of DWI-4th. The trial court then sentenced Holley to eighteen years at hard labor, one without benefit of parole, probation, or suspension of sentence, and credit for time served. A motion to reconsider sentence was denied, and this appeal followed.

DISCUSSION

Sufficiency of the Evidence
Holley contends that the evidence was insufficient to support his conviction of DWI-4th in that the evidence failed to show he was intoxicated. Additionally, Holley requests review for constitutional or jurisprudential deficiencies of the three predicate DWI convictions used for enhancement purposes. Although Holley did not file a motion for post-verdict judgment of acquittal pursuant to La. C.Cr.P. art. 821, we will nevertheless consider sufficiency arguments in the absence of such a motion. State v. Green, 28,994 (La.App. 2nd Cir. 2/26/97), 691 So.2d 1273.
Under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the proper standard for appellate review of sufficiency of the evidence claims is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Bellamy, 599 So.2d 326 (La.App. 2nd Cir.1992), writ denied, 605 So.2d 1089 (1992). This standard applies in cases involving both direct and circumstantial evidence. When the evidence is viewed in the light most favorable to the prosecution, the facts established by the direct evidence or inferred from the circumstances must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that the defendant was guilty of every essential element of the crime. State v. Sutton, 436 So.2d 471 (La.1983); State v. Lott, 535 So.2d 963 (La.App. 2nd Cir.1988).
To convict an accused of driving while intoxicated, the state need only prove that the defendant was operating a vehicle and that the defendant was under the influence of alcohol or drugs. Some behavioral manifestations, independent of any scientific tests, are sufficient to support a charge of driving while intoxicated. State v. Iles, 96-256 (La.App. 3rd Cir. 11/06/96), 684 So.2d 38; State v. Courtney, 30,629 (La.App. 2nd Cir. 5/13/98), 714 So.2d 176. It is not necessary that a conviction of DWI be based upon a breath or blood alcohol test. The observations of an arresting officer may be sufficient to establish guilt. Intoxication is an observable condition about which a witness may testify. State v. Allen, 440 So.2d 1330 (La. 1983); State v. Courtney, supra.
Because Holley refused to take the Intoxilyzer test which measures blood alcohol concentration, the state relied upon subsection (a) of La. R.S.14:98 in prosecuting Holley. La. R.S. 14:98 provides in relevant part:
A. (1) The crime of operating a vehicle while intoxicated is the operating of any motor vehicle, aircraft, watercraft, vessel, or other means of conveyance when:
(a) The operator is under the influence of alcoholic beverages....
In the absence of the Intoxilyzer or other scientific test, proof of intoxication was dependent upon the observations of Officers *640 Jackson and Davries as to Holley's condition.
Both Officers Jackson and Davries testified that they smelled a strong odor of alcoholic beverage on Holley's breath. Both officers also testified that Holley exhibited slurred speech, a slow and deliberate manner of speaking, unsteadiness on his feet, and swaying. Officer Davries further noted that Holley had red, bloodshot eyes. Based on these observable behavioral manifestations, Officers Jackson and Davries believed Holley to be intoxicated. Officer Davries testified that Holley failed to successfully complete the "ABC" test administered at the accident scene and that he achieved the maximum of six points on the HGN test, thus indicating that he was impaired. Holley's poor performance on these field sobriety tests provided further evidence of his intoxication.
In addition to hearing the testimony of Officer Davries and Jackson regarding Holley's behavior, condition, and performance on the field sobriety tests, the jury viewed the videotape made of Holley at the traffic bureau. On this tape, Holley again performed the "ABC" test with some difficulty and refused to perform other tests due to back pain. Holley also refused to take the Intoxilyzer and stated that his former attorney advised him not to do so. Most importantly, Holley admitted on the video tape that he drank two sixteen-ounce beers approximately an hour and ten minutes prior to the time of the field sobriety test administered at the traffic bureau.
Although Holley put on no witnesses or evidence in his defense, the defense counsel argued that the charge was based on Holley's history of prior DWI's and not on the basis of what actually happened and Holley's condition the night of the accident. Considering the testimony of Officers Jackson and Davries as well as Holley's admission on video that he had consumed two beers within a short time before the accident, we find no support for the defense's argument. Rather, viewing the evidence in the light most favorable to the prosecution, we find every essential element of the DWI charge proven beyond a reasonable doubt.
Holley further requests that we review the three prior guilty pleas used to enhance the DWI charge to a charge of DWI-4th. Holley stipulated to these prior offenses at trial and made no objection regarding their sufficiency or failure to meet the requirements of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). A contemporaneous objection is necessary to preserve an issue for appellate review. La.C.Cr.P. art. 841. By failing to object to the voluntariness or validity of his prior guilty pleas at the time that the predicate convictions were introduced into evidence, Holley waived his right to appellate review of that claim. State v. Nelson, 379 So.2d 1072 (La.1980); State v. Rogers, 555 So.2d 500 (La.App. 4th Cir.1989). Holley's claim should be properly presented by application for post-conviction relief. However, the interests of judicial economy weigh in favor of addressing the merits of the issue at this time. See State v. Rogers, supra.
The following predicate offenses were used to enhance the DWI charge:
(1) A guilty plea entered May 18, 1987 in the 1st JDC, Caddo Parish, to a charge of DWI-2nd, Docket No. 137,508.
(2) A guilty plea entered May 18, 1987 in the 1st JDC, Caddo Parish, to a charge of DWI-2nd, Docket No. 133,535.
(3) A guilty plea entered November 29, 1993 in the Ward Two, City Court of Denham Springs, Livingston Parish, to a charge of DWI-1st, Docket No. 31,007.
A transcript of the two guilty pleas entered May 18, 1987, indicates that Holley was represented by counsel when he pled guilty to two charges of DWI-2nd. The trial court informed Holley of his right to trial, his right to confront witnesses against him, and his right against compulsory self-incrimination. The trial court also informed Holley of the possible penalties for each guilty plea. Holley admitted *641 the crimes for which he was charged and affirmed that he was neither promised anything nor threatened by anyone to obtain his guilty plea. Likewise, the transcript of the guilty plea entered November 29, 1993, indicates both that Holley was informed of his rights and the possible penalties and that Holley affirmed that his guilty plea was not induced by either threats or promises.
Based upon our review of the transcripts of Holley's prior guilty pleas, we find no deficiencies or violations of Boykin. Holley's conviction for the offense of DWI-4th is supported by sufficient evidence. This assignment of error lacks merit.

Excessiveness of the Sentence
Holley asserts that his sentence of eighteen years at hard labor, one year without benefit of probation, parole, or suspension of sentence, is excessive. Although Holley also assigned as error the trial court's failure to adequately comply with La.C.Cr.P. art. 894.1, he concedes in briefing the sentencing issue that the trial court did adequately comply with Article 894.1.
A two-pronged test must be applied when determining whether a sentence is excessive. First, the record must show adequate consideration of the criteria set forth in La.C.Cr.P. art. 894.1. State v. Smith, 433 So.2d 688 (La.1983). As conceded to by Holley, the sentencing transcript included in the record demonstrates adequate compliance by the trial court with the requirements of La.C.Cr.P. art. 894.1.
The second inquiry focuses on an examination of the circumstances of the case and the background of the defendant. Whether a sentence is excessive is determined by whether it is grossly disproportionate to the severity of the crime. State v. Bonanno, 384 So.2d 355 (La.1980). An unconstitutionally excessive sentence is one that shocks the sense of justice or is nothing more than a purposeless and needless infliction of pain and suffering. State v. Hogan, 480 So.2d 288 (La.1985); State v. Richardson, 545 So.2d 714 (La.App. 2nd Cir.1989).
A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, a sentence will not be set aside as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Washington, 29,478 (La.App. 2nd Cir. 4/2/97), 691 So.2d 345.
A conviction for a DWI-4th offense carries a sentencing exposure of not less than ten nor more than thirty years at hard labor. La. R.S. 14:98(E)(1). Holley's sentence of eighteen years falls within the middle range of the possible exposure. The trial court expressly determined that Holley's offense necessitated a mediumrange sentence. The trial court also stated the considerations upon which the sentence was based. One such consideration was Holley's extensive criminal record dating back to 1972 and including twenty-nine arrests and approximately thirteen convictions, five of which were felonies or apparent felonies. Additionally, Holley had failed to comply with probation and supervision in the past. The trial court noted that Holley had no dependents and no permanent employment and never seemed to be out of trouble. The trial court also found that there was an undue risk of harm to the general public based on Holley's history of criminal activity and propensity to drive while intoxicated. Mitigating factors considered by the trial court included the fact that none of Holley's prior offenses involved firearms and that his criminal actions were not direct actions against other individuals.
Based on our review of the record, we cannot say that Holley's eighteen year sentence shocks the sense of justice or is grossly disproportionate to the seriousness of the crime. We find no merit in Holley's argument that the trial court did not give sufficient weight to mitigating factors and placed undue weight on the punishment aspect of incarceration. The record establishes *642 that the trial court considered all relevant aspects of Holley's current conviction and history in the criminal justice system to impose a sentence in accordance with the severity of the crime for which he was convicted. Therefore, we find no manifest abuse of discretion by the trial court in sentencing Holley to eighteen years. This assignment of error lacks merit.

CONCLUSION
For the reasons discussed, Holley's conviction and sentence are affirmed.
AFFIRMED.