865 So.2d 237 (2004)
STATE of Louisiana, Appellee,
v.
Kevin Ray VOLGAMORE, Appellant.
No. 38,054-KA.
Court of Appeal of Louisiana, Second Circuit.
January 28, 2004.
*238 James E. Beal, Jonesboro, for Appellant.
Paul J. Carmouche, District Attorney, J. Thomas Butler, Laura O. Wingate, Assistant District Attorney, for Appellee.
Before BROWN, WILLIAMS and DREW, JJ.
WILLIAMS, J.
The defendant, Kevin R. Volgamore, was charged by bill of information with operating a vehicle while intoxicated, fourth offense, a violation of LSA-R.S. 14:98. After a bench trial, the defendant was found guilty as charged. Pursuant to LSA-R.S. 14:98(E)(4)(b), the trial court imposed a sentence of ten years at hard labor without the benefit of probation, parole or suspension of sentence, with credit for time served. The court ordered that the sentence be served consecutively with any other sentence previously imposed. Defendant's motion to reconsider sentence was denied. Defendant now appeals his conviction and sentence. For the following reasons, we affirm the conviction, amend the sentence and affirm as amended.

FACTS
On September 2, 2002, at approximately 1:43 a.m., Vivian Police Department Sergeant J.P. Hart observed a brown Ford pickup truck execute a wide sweeping right turn, crossing the center line, while traveling in a residential area of Vivian, Louisiana. Sergeant Hart followed the pickup truck for about one-half of a mile and observed the driver turn at two intersections without using a turn indicator or making a complete stop. Sergeant Hart also noticed the pickup truck was traveling at less than one-half the posted speed limit for the area. After noting that the driver of the pickup truck had committed several minor traffic violations, Sergeant Hart stopped the truck and asked the driver to approach the rear of the vehicle. The driver of the vehicle was later identified as the defendant.
Sergeant Hart testified that as the defendant approached the rear of the vehicle, the defendant was unsteady on his feet and he had a strong odor of alcohol on his breath and person. Sergeant Hart advised the defendant of the reason he was stopped and informed him of the traffic violations. Sergeant Hart observed a twelve-pack of beer in the pickup truck and one opened can of beer on the floor between the driver and passenger seats. The passenger in the vehicle was known to Sergeant Hart as Stacy Cook.
Prior to the administration of the three field sobriety tests, the defendant informed Sergeant Hart that at sometime during the day, he had visited the river boat and had been drinking; however, he did not inform the officer of the quantity of alcohol he had consumed. The defendant failed the first sobriety test, the horizontal gaze nystagmus test, or HGN. The defendant stated that he had a bad left knee and refused to take the second test, the nine-step walk-and-turn test. Sergeant Hart twice administered a third and final field sobriety test, the one-leg-stand test. On his first attempt, the defendant did not follow the instructions. He was unable to perform the test on the second attempt. Sergeant Hart informed the defendant of his Miranda rights, placed him under arrest for suspicion of DWI and transported him to the Vivian Police Department.
*239 While at the police department, the defendant was given a form explaining his rights relating to chemical tests to determine the level of intoxication. The defendant refused to sign the form and provide a breath sample for the Intoxilizer-5000. The defendant was uncooperative and disruptive, and he threatened the officers.

DISCUSSION

Assignment of Error Number Two:
By this assignment of error, the defendant contends the evidence presented was insufficient to sustain a conviction of driving while intoxicated, fourth offense. The defendant argues that the evidence taken as a whole does not support a finding of guilt beyond a reasonable doubt.
LSA-R.S. 14:98(A)(1)(a) provides as follows:
A.(1) The crime of operating a vehicle while intoxicated is the operating of any motor vehicle, aircraft, watercraft, vessel, or other means of conveyance when:
(a) The operator is under the influence of alcoholic beverages; ...
The standard of review for a claim of insufficient evidence is whether, after viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the offense proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Rosiere, 488 So.2d 965 (La.1986). The reviewing court must consider the record as a whole and not just the evidence most favorable to the prosecution; and, if rational triers of fact could disagree as to the interpretation of the evidence, the decision to convict should be upheld. State v. Mussall, 523 So.2d 1305 (La.1988).
Where there is conflicting testimony with regard to factual matters, the resolution of which depends upon a determination of the credibility of the witnesses, the matter is one of the weight of the evidence, not its sufficiency. State v. Allen, 36,180 (La.App.2d Cir.9/18/02), 828 So.2d 622, writs denied, 2002-2595 (La.3/28/03), 840 So.2d 566, writs denied, 2002-2997 (La.6/27/03), 847 So.2d 1255.
In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness's testimony, if believed by the trier of fact, is sufficient support for a requisite factual conclusion. State v. White, 28,095 (La.App.2d Cir.5/8/96), 674 So.2d 1018, writ denied, 96-1459 (La.11/15/96), 682 So.2d 760, writ denied, 98-0282 (La.6/26/98), 719 So.2d 1048.
In State v. Holley, 32,156 (La.App.2d Cir.8/18/99), 742 So.2d 636, this Court held:
To convict an accused of driving while intoxicated, the state need only prove that the defendant was operating a vehicle and that the defendant was under the influence of alcohol or drugs. Some behavioral manifestations, independent of any scientific tests, are sufficient to support a charge of driving while intoxicated. State v. Iles, 96-256 (La.App. 3d Cir.11/06/96), 684 So.2d 38; State v. Courtney, 30,629 (La.App.2d Cir.5/13/98), 714 So.2d 176. It is not necessary that a conviction of DWI be based upon a breath or blood alcohol test. The observations of an arresting officer may be sufficient to establish guilt. Intoxication is an observable condition about which a witness may testify. State v. Allen, 440 So.2d 1330 (La.1983); State v. Courtney, supra.

Immediately prior to trial, the state and the defense stipulated that the three prior DWI convictions listed in the defendant's bill of information were correct. The trial *240 court accepted the stipulation as a part of the record.
At trial, the state called only one witness, Sergeant Hart, to testify as to the details of the traffic stop and subsequent arrest of the defendant. Sergeant Hart testified that he observed the defendant operating a brown pickup truck while committing several minor traffic violations. He further testified that when he conducted the traffic stop and asked the defendant to exit the pickup truck, he observed that the defendant was unsteady on his feet.
Sergeant Hart testified that as the defendant approached the rear of the vehicle, he observed defendant take a step back in order to steady himself. When Sergeant Hart made personal contact with the defendant at the front of the police cruiser, Sergeant Hart smelled a strong odor of alcohol on the defendant's breath and person. Sergeant Hart further testified that he observed an opened twelve-pack of beer, as well as an opened can of beer, in the vehicle. Sergeant Hart testified that the defendant had failed two of the field sobriety tests and refused to submit to a third test, claiming that he had a knee injury that would prevent him from being able to perform the test. According to Sergeant Hart, he arrested the defendant and transported him to the Vivian Police Department because, based on his experience and training, he believed the defendant was impaired. At the police department, the defendant refused to submit to the intoxilizer test. He threatened the officers present and was very disruptive and uncooperative.
The defense called two witnesses during the trial. Stacy Cook, the passenger in the vehicle, testified that she and the defendant had just left a house where defendant had been working all day and into the night and they were driving home when they were stopped. She further testified that the twelve-pack of beer and the open container found in the vehicle at the time of the traffic stop belonged to her. She testified that the defendant had not been drinking that night.
The owner of the pickup truck, Hank Cook, also testified that the defendant had just left the house where they had been working when Cook got a telephone call that the defendant had been pulled over for driving while intoxicated. Cook testified that it had been approximately 15 minutes between the time defendant left the house and when he received the telephone call. He testified that the defendant had not been drinking at all during the day or night while defendant was at the house. He stated defendant left the house at approximately 11:30 p.m. or midnight.
The trial court specifically found that Sergeant Hart's testimony was more credible than the testimony of the two defense witnesses. Pursuant to State v. Smith, 94-3116 (La.10/16/95), 661 So.2d 442, the appellate court cannot assess the credibility of witnesses or re-weigh evidence. Thus, this court is bound by the trial court's findings with regard to the credibility of the witnesses.
As stated in State v. Holley, supra, the observations of an arresting officer may be sufficient to establish guilt in a DWI trial. Consequently, we conclude that the evidence, viewed in the light most favorable to the prosecution, was sufficient to prove beyond a reasonable doubt that defendant was the operator of the subject vehicle, that he was intoxicated at that time, and that he had three prior DWI convictions as alleged in the bill of information and stipulated to at trial. This assignment of error is without merit.

*241 Assignment of Error Number One:

By this assignment of error, the defendant contends the trial court imposed an excessive sentence. The defendant argues that a ten-year sentence without the benefit of probation, parole or suspension of sentence, to be served consecutively with any other sentence imposed, is grossly disproportionate to the severity of the crime and serves no useful purpose.
LSA-R.S. 14:98 provides, in pertinent part:
E. (1)(a) Except as otherwise provided in Subparagraph (4)(b) of this Subsection, on a conviction of a fourth or subsequent offense, notwithstanding any other provision of law to the contrary and regardless of whether the fourth offense occurred before or after an earlier conviction, the offender shall be imprisoned with or without hard labor for not less than ten years nor more than thirty years and shall be fined five thousand dollars. Sixty days of the sentence of imprisonment shall be imposed without benefit of probation, parole, or suspension of sentence. The remainder of the sentence of imprisonment shall be suspended and the offender shall be required to undergo an evaluation to determine the nature and extent of the offender's substance abuse disorder.
....
(4)(b) If the offender has previously received the benefit of suspension of sentence, probation, or parole as a fourth offender, no part of the sentence may be imposed with benefit of suspension of sentence, probation, or parole, and no portion of the sentence shall be imposed concurrently with the remaining balance of any sentence to be served for a prior conviction for any offense.
Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
A trial court has broad discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that discretion we will not set aside a sentence as excessive. State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158.
On this record, we do not find constitutional error. The defendant has a history of DWI convictions and on January 28, 2002, the defendant pled guilty to DWI, fourth offense. He received leniency from the trial court for that conviction, when it imposed a sentence to be served with the benefit of probation. In the present case, the district court noted that the defendant committed the current offense while on probation for a prior DWI conviction in which the court imposed the same sentence.
The sentence is lawful and is the minimum term of imprisonment which could have been imposed. Under these circumstances, the imprisonment provisions of LSA-R.S. 14:98(E)(4)(b) were correctly applied, and the sentence is neither grossly disproportionate to the severity of the offense nor shocking to our sense of justice. There is no showing of a manifest abuse of the district court's discretion in the imposition of this sentence. The sentence is not constitutionally excessive.
*242 Pursuant to LSA-C.Cr.P. art. 920, we have examined the record and note the presence of an error patent. LSA-R.S. 14:98(E)(1)(a) provides that upon conviction of a fourth offense, in addition to the prison sentence, the offender "shall be fined five thousand dollars." However, the trial court did not impose the mandatory fine, resulting in an illegally lenient sentence.
A reviewing court has the authority to amend an illegally lenient sentence on its own motion. State v. Decrevel, 03-0259 (La.5/16/03), 847 So.2d 1197; State v. Clemons, 01-1032 (La.App. 5th Cir.2/26/02), 811 So.2d 1047. Therefore, we amend the sentence to assess defendant with a mandatory fine of $5,000.

CONCLUSION
For the foregoing reasons, the defendant's conviction is affirmed. The sentence is hereby amended to impose the mandatory fine of $5,000 in addition to the term of imprisonment imposed, and the sentence is otherwise affirmed.
CONVICTION AFFIRMED; SENTENCE AMENDED AND AFFIRMED AS AMENDED.