916 So.2d 1252 (2005)
STATE of Louisiana, Appellee,
v.
Winford Eugene HARPER, Jr., Appellant.
No. 40,321-KA.
Court of Appeal of Louisiana, Second Circuit.
December 14, 2005.
*1253 Holli Herrle-Castillo, Louisiana Appellate Project, for Appellant.
Paul J. Carmouche, District Attorney, Philip Jason House, Tommy J. Johnson, Assistant District Attorneys, for Appellee.
Before GASKINS, CARAWAY and PEATROSS, JJ.
GASKINS, J.
Following a bench trial, the defendant, Winford Eugene Harper, Jr., was convicted as charged of DWI, Fourth Offense. He was sentenced to 10 years at hard labor, with all but 60 days suspended. We affirm the defendant's conviction and sentence.

FACTS
At about 11:00 p.m. on June 8, 2002, Caddo Parish Deputy Sean McCullough was on patrol on Bert Kouns Industrial Loop, when he spotted a vehicle driven by the defendant. After observing the vehicle travel from side to side within its lane and go up on the median while making a left turn, Deputy McCullough pulled the vehicle over.
When the officer approached the vehicle, he noticed a strong odor of alcohol. He asked the defendant to step out of the car.[1] *1254 The defendant "kind of stumbled into the lane of traffic" as he exited the car. He fumbled through his wallet as he sought to produce his driver's license. He was also swaying from side to side. His eyes were bloodshot.
Deputy McCullough inquired if the defendant had had "a few too many tonight?" The defendant admitted drinking two beers shortly before being stopped, while he was at a friend's house watching a Mike Tyson fight.
The officer inquired where the defendant worked. When he said that he worked at General Motors, Deputy McCullough asked him where the plant was located. The defendant pointed in the wrong direction. When the officer corrected him, the defendant called him a liar and tried to bet him $100 that he was right.
The defendant, who was "upset and aggravated" at being stopped, began making racial and derogatory remarks to the officer. He called the white officer a "racist" and a "white pig." He then said to the officer, "I bet you if I jump on you, you can't do nothing about it." The officer placed the defendant in handcuffs and requested that another officer come to the scene.
Deputy Lonnie Smalley responded. According to him, the defendant was "almost out of control" when he arrived. The defendant, who is black, made racial comments to Deputy Smalley, who is also black.
The floorboard on the driver's side of the car was wet and smelled of alcohol. According to Deputy McCullough, an ice chest on the passenger's floorboard contained two 20-ounce beers. Also, an open beer had been dumped into the ice. There was a large wet spot on the defendant's trousers; however, according to Deputy McCullough, the defendant smelled of alcohol, not urine.
Deputy Smalley, who has been a law enforcement officer for almost 10 years, testified that he has been trained in the detection of intoxicated drivers; this includes administration of field sobriety and intoxilyzer tests. He performed a horizontal gaze nystagmus ("HGN") test on the defendant, who demonstrated a "strong level of being impaired." The defendant refused to participate in additional field sobriety testing. The officers transported the defendant to the jail where he again refused field sobriety testing.
A bench trial was held in July 2003. The only witnesses to testify were the two deputies. Although the state had a tape of the defendant taken at the jail, the video was not introduced into evidence. The trial judge found the defendant guilty as charged. The defendant's motion for post-verdict judgment of acquittal and motion for new trial were denied.
In January 2005, the defendant was sentenced to 10 years at hard labor, with all but 60 days suspended. The court directed that the 60 days be served without benefit of parole, probation, or suspension of sentence, and concurrently with any other sentence. Additionally, the defendant was placed on supervised probation for four years. The court imposed several special conditions, including participation in an in-house substance abuse program and follow-up treatment; one year of home incarceration, subject to electronic monitoring, curfew restrictions, and monthly home visitations; and installation, at his own expense, of an ignition interlock device on his car if he wished to drive. The defendant was also ordered to pay a fine of $5,000 and court costs as conditions of probation.
The defendant appeals, asserting that the evidence was insufficient to sustain his conviction for DWI, Fourth Offense.

*1255 LAW
The standard of review for a claim of insufficient evidence is whether, after viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the offense proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
La. R.S. 14:98 provides, in pertinent part:
A. (1) The crime of operating a vehicle while intoxicated is the operating of any motor vehicle ... when:
(a) The operator is under the influence of alcoholic beverages....
To convict an accused of driving while intoxicated, the state need only prove that the defendant was operating a vehicle and that the defendant was under the influence of alcohol or drugs. Some behavioral manifestations, independent of any scientific tests, are sufficient to support a charge of driving while intoxicated. State v. Courtney, 30,629 (La.App.2d Cir.5/13/98), 714 So.2d 176. It is not necessary that a conviction of DWI be based upon a breath or blood alcohol test. The observations of an arresting officer may be sufficient to establish guilt. Intoxication is an observable condition about which a witness may testify. State v. Volgamore, 38,054 (La.App.2d Cir.1/28/04), 865 So.2d 237, writ denied, XXXX-XXXX (La.4/22/05), 899 So.2d 568.

DISCUSSION
The defendant does not contest his three prior DWI convictions. He argues only that the circumstantial evidence presented was not sufficient to prove intoxication. We disagree.
The testimony of the two experienced police officers demonstrated that the defendant's demeanor and behavior were that of a highly intoxicated person. The defendant smelled strongly of alcohol and had bloodshot eyes. There was alcohol spilled on the floorboard of his vehicle. A spilled can of beer was found in an ice chest in the front seat. When initially stopped by Deputy McCullough, he stumbled from his vehicle, swayed while standing, and fumbled through his wallet. When asked where his place of employment was located, he was so disoriented that he was unable to point in the right direction. He was verbally abusive to both officers.
The defendant's score on the HGN test indicated that he was intoxicated. While the defendant argues that the test was invalid because Deputy Smalley spent 45 seconds instead of 30 seconds per eye, the record contains no evidence indicating that this compromised the test result.
This assignment of error lacks merit.

CONCLUSION
The defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] Although the defendant was accompanied by a passenger, the record contains little testimony about this person.