hLOBBANO, Judge.
The defendant, Samuel L. Wilson, was charged by bill of information on May 20, 1977, with three counts of armed robbery, violations of La. R.S. 14:64.[1] A jury found him guilty as charged. He was sentenced on October 20, 1977, to serve fifteen years on each count with the sentences to run consecutively. The defendant appealed, and the Supreme Court affirmed the convictions and sentences in a per curiam opinion. State v. Wilson, 365 So.2d 831 (La.1978). In 1993, the defendant filed a Motion to Correct an Illegal Sentence on the basis that his sentence was imposed without the statutory prohibition of parole, probation, or suspension of sentence. The motion was granted and defendant’s original sentence was set aside. He was resentenced on July 18, 1994 to the same sentence — fifteen years at hard labor on each count to be served consecutively; however, the trial court added the statutory prohibition denying eligibility for parole, probation, or suspension of sentence. Defendant now appeals.
pin his sole assignment of error, the defendant argues that the sentences imposed by the trial court on July 18, 1994 are excessive. The State contends that the defendant is limited to the issue of the intent of the original sentencing judge as to eligibility for benefits. We agree with the State’s position.
Under State v. Desdunes, 579 So.2d 452 (La.1991), which was in effect when defendant was resentenced in 1994, the resentenc-ing judge was required to attempt to ascertain the intent of the trial judge who imposed the' original sentence before correcting an illegally lenient sentence. The resentencing transcript does not reflect consideration by the resentencing judge of the original sentencing judge’s intent.
After the resentencing, the Louisiana Supreme Court handed down its opinion in State v. Harris, 93-1098, 94-2243 (La.1/5/96), 665 So.2d 1164, which overruled in part State v. Desdunes, supra. In Harris, after noting that the presumption of regularity in judicial proceedings applies to all phases of trial, including sentencing, the Court stated:
“In the absence of an articulable basis for concluding that the district court imposed sentence under a misapprehension of what the law required or of its full range of sentencing discretion, we will presume that the failure of the court expressly to impose the special restrictions required by law (e.g., parole disability) presents the need only for ministerial correction of the record.” Id. at 1164.
The resentencing judge in this case made only a ministerial correction to defendant’s sentence in response to the motion to correct an illegal sentence and did not impose a completely new sentence. Therefore, under Harris, the resentencing judge was not required to state reasons for the sentences imposed; rather, he was only required to state whether or not he entertained a reasonable doubt as to the intent of the original sentencing judge and the validity of the ^sentence originally imposed. Because the resentencing transcript does not reflect such consideration by the resentencing judge, this Court requested a per curiam from the re-sentencing judge on this issue in light of the Harris case.
The resentencing judge issued a per cu-riam in which he stated that he entertained no doubt that his predecessor’s intent was to impose a sentence without benefit of parole, probation or suspension of sentence. He stated that he felt that his predecessor’s failure to state this prohibition was merely an oversight and a good faith error.
Based on this per curiam, we find that the resentencing judge has complied with the applicable law in correcting defendant’s illegal sentence. Accordingly, we affirm defendant’s sentence imposed on July 18, 1994.

AFFIRMED.

. Samuel Wilson was charged and tried with Elvis Johnson. Johnson was found guilty of three counts of armed robbery, and he was sentenced to serve seventy-five years at hard labor.