JjDOUCET, Chief Judge.
The Defendant, Von Vanhchai Kanjana-bout, appeals the trial court’s denial of his motion for reconsideration of sentence.
On August 31, 1994, the Defendant, Von Vanhchai Kanjanabout, was charged with one count of armed robbery in connection with the robbery of Bouth Xanamane’s grocery store in Broussard, Louisiana. *649 The Defendant was tried by a jury in February 1995.
On February 10, 1995, the jury found the Defendant guilty of armed robbery in violation of La.R.S. 14:64. He was sentenced to twenty-five years at hard labor at a sentencing hearing held on February 17,1995.
At the sentencing hearing, the court granted the Defendant’s oral motion for appeal. No oral motion to reconsider sentence was made. Neither the Defendant nor his attorney filed a written motion to reconsider sentence within thirty days of the sentencing hearing.
On July 21,1995, the Defendant’s newly-appointed attorney submitted a pleading designating assignments of error. None of the assignments of error indicated that the Defendant opposed the sentence rendered on February 17, 1995 as being excessive or improper under La.Code Crim.P. art. 894.1
In State v. Kanjanabout, 95-01080 (La.App. 3 Cir 4/24/96); 673 So.2d 370, this court affirmed the defendant’s conviction and sentence, but remanded the case to the trial court because the trial court failed to advise the Defendant that he was to be given credit for time served and failed to advise him of the time limit for seeking post-conviction relief. In compliance with this court’s opinion, the trial court issued an order correcting the minute entry for the Defendant’s sentence to state that he was given credit for time served. In addition, | gthe trial court served the Defendant with a notice advising him of the appropriate time limit for filing post-conviction relief.
The Defendant filed a Motion to Vacate and/or Correct an Illegal Sentence on March 3, 1999 in the Sixteenth Judicial District Court. The trial court denied the Defendant’s motion in an order entitled “Denial of Post Conviction Relief’ on March 5, 1999. In his order, the trial court denied the motion to vacate on the basis that the Defendant had not timely filed a motion to reconsider sentence. The Defendant sought review of the district court’s order, arguing that his sentence was illegally lenient and that it did not conform to La.Code Crim.P. art. 894.1.
On January 25, 2000, this court denied the Defendant’s Supervisory Writ in part and granted it in part. In particular, this court denied the Defendant’s writ with respect to his Article 894.1 assignment of error, without stating reasons. However, this court ruled that the Defendant’s sentence was illegally lenient because it failed to specify the parole restrictions as required by La.R.S. 14:64. Accordingly, we directed the trial court to correct the minutes of court pursuant to State v. Harris, 93-1098 (La.1/5/96); 665 So.2d 1164.
The trial court complied with this ruling and issued an order on January 26, 2000 correcting the minute entry to include the parole and probation restrictions.
On March 3, 2000, the Defendant submitted a motion to reconsider sentence and a motion for appeal in response to the corrected sentence. In his motion for appeal, the Defendant appealed the trial court’s order of January 26, 2000, in which it corrected his sentence by including probation and parole restrictions pursuant to this court’s order. The trial court denied the motion to reconsider, but granted the motion for appeal on March 9, 2000.
13This court remanded the case, ordering the trial court to hold an evidentiary hearing to advise the Defendant of the dangers of self-representation on appeal. The trial court held the hearing on July 25, 2000. At the hearing, the Defendant requested that an attorney be appointed to represent him on appeal. The trial court appointed an attorney to represent the Defendant.
*650 On July 27, 2000, another motion for appeal was filed on behalf of the Defendant, in which he appealed the January 26, 2000 order of the trial court. The current appeal was lodged on October 23, 2000. In both motions for appeal, the Defendant’s complaints regarding his sentence are based on the same arguments asserted in his motion to reconsider sentence filed on March 3, 2000.
MOTION TO RECONSIDER SENTENCE
In both counsel’s brief and the Defendant’s pro se brief, the Defendant argues that his 1995 sentence was excessive.
This court will first determine whether the Defendant’s motion to reconsider was procedurally proper and whether the appeal is properly before the court. The Defendant filed his motion to reconsider sentence on February 25, 2000, approximately one month after the trial court corrected his sentence under Harris, 93-1098; 665 So.2d 1164.
In his motion to reconsider sentence and in both motions for appeal, the Defendant opposes the trial court’s order of January 26, 2000, wherein the trial court ministerially corrected the sentence to add the restrictions against probation and parole. Defendant does not address the 1995 sentencing in any of these motions.
While there is no case law directly on point, there is statutory law and jurisprudence that gives this court guidance in determining whether the Defendant 14should be allowed to file a motion to reconsider sentence and subsequently have the length .of his sentence reviewed on appeal after it was ministerially corrected.
La.Code Crim.P. art. 881.1(A)(1) which governs filing motions to reconsider states that: “Within thirty days following the imposition of sentence or within such longer period as the trial court may set at sentence, the state or the defendant may make or file a motion to reconsider sentence.” This article indicates that the time for filing a motion to reconsider begins from the imposition of the sentence, as opposed to the date that a sentence is ministerially corrected.
In Harris 93-1098; 665 So.2d at 1164, the Louisiana Supreme Court held that:
A district court judge presented with an application to correct an illegally lenient sentence may therefore correct a sentence that he or she has imposed by making the necessary changes in the minutes, without bringing the inmate to court, and sending a certified copy of the new minutes to the inmate and to the relevant prison authorities, who otherwise lack the discretion to make the amendments themselves in the documents they receive from the sentencing court pursuant to La.Code Crim. Proc. art. 892.
In addition, the court stated that “a district judge retains the discretion to vacate the sentence originally imposed and to resentence the inmate in open court.” Id. at 1165. The language employed by the Harris court clearly distinguishes a “re-sentence” from a “ministerial correction” and gives the trial court the option to select either mechanism to correct an illegally lenient sentence.
In State v. Trudell, 95-527 (La.App. 3 Cir. 11/6/96); 684 So.2d 32, writs denied, 96-3031 (La.6/20/97); 695 So.2d. 1349; 96-2891(La.6/20/97); 695 So.2d 1349, the defendant sought review of his sentence, claiming that the trial court resentenced him without complying with Article 894.1. This court interpreted Harris, 93-1098; 665 So.2d 1164, as distinguishing a “ministerial correction” from La “resentence.” In affirming the defendant’s sentence, this court found that where the trial court com *651 plied with the provisions of Harris, it could “simply make a ‘ministerial correction’ to the minutes of the defendant’s sentence and send a corrected copy of the minutes to the inmate and to the institution where the inmate is housed.” Id. at 33.
In State v. Wilson, 96-0710 (La.App. 4 Cir. 11/20/96); 684 So.2d 495, 496, the Fourth Circuit ruled that the length of the defendant’s sentence was not appealable in a ease where the trial court “made only a ministerial correction to defendant’s sentence in response to the motion to correct an illegal sentence and did not impose a completely new sentence.” The Fourth Circuit, without discussing whether the defendant had filed a motion to reconsider sentence or whether such a motion would have been proper, limited the appeal “to the issue of the intent of the original sentencing judge as to eligibility for benefits.” Id. at 495.
In the present case, the trial court’s order issued on January 6, 2000 stated:
The sentence of defendant Kanjana-bout is amended, according to State v. Harris, 93-1098 (La.1/5/96); 665 So.2d 1164, as follows: 94-1245, serve twenty-five (25) years at hard labor, without the benefit of probation, parole or suspension of sentence, and for that purpose he is committed to the Louisiana Department of Corrections, with credit for time served.
Upon remand from this court, the trial court corrected the Defendant’s sentence by order dated January 26, 2000, because it was illegally lenient. The court’s correction of the sentence consisted of amending the minutes to include mandatory probation and parole restrictions. The changes to the Defendant’s sentence were ministerial and did not alter the length of the Defendant’s sentence. Harris, 93-1098; 665 So.2d 1164.
|fiThe judge’s intent not to resentence the Defendant is also apparent: The trial court did not hold a hearing with the Defendant present in court at the time the correction was made; he did not alter or amend the number of years of prison imposed in the sentencing order of February 17, 1995; he cited Harris, 93-1098; 665 So.2d 1164, as his authority to make the ministerial correction; and in correcting the sentence, he followed every procedural step provided by the court’s opinion in Harris. As a result, we find that the trial court made only ministerial corrections to the court minutes as permitted by Harris.
As in Wilson, 96-0710; 684 So.2d 495, the Defendant could have filed an appeal limited to the issue of the original judge’s intent as to eligibility for benefits. Defendant does not contest the trial court’s conclusion as to the original judge’s intent. However, Defendant’s motion to reconsider contests the excessiveness of the sentence in light of the new parole restrictions. Following the reasoning of Wilson we will consider whether the trial court intended the sentence imposed in light of the new parole restrictions..
As discussed, on February 17, 1995, the trial court failed to include the mandatory probation and parole restrictions in his sentencing order. As per the Defendant’s request in his motion to correct illegal sentence, this court granted the Defendant’s writ in part and remanded the case to the trial court, directing it to correct the sentence pursuant to Harris.
On January 26, 2000, the trial court issued an order ministerially correcting the Defendant’s sentence by amending the minutes to include the mandatory restrictions. The remedy sought by the Defendant was given to him in the trial court’s order of January 26, 2000. Since Defendant has not shown that the original sen *652 tencing court |7did not intend to impose a twenty-five-year sentence without benefit of probation, parole or suspension of sentence, his appeal is without merit.
Therefore, the Defendant’s sentence is affirmed.
AFFIRMED.